## WILLIAMS VS. FINK.

It is a general rule of law that where a highway is unlawfully obstructed, any person who wants to use the highway may remove the obstruction, and may even enter for that purpose upon the land of the party erecting or continuing it, doing as little damage as possible

But where F., while himself obstructing a highway by keeping a threshing machine therein, took down W.'s fence opposite the machine, and caused a team to be driven across the field enclosed thereby: *Held*, in an action of trespass to the close, that F. could not defend on the ground that the fence encroached upon the highway.

APPEAL from the Circuit Court for *Milwaukee* County.

Trespass to the close. Answer, that the alleged close was a public highway. It appeared in evidence that the *locus in quo* was enclosed and cultivated by the plaintiff as a part of his

farm; that it was separated by a fence from a public road; that the defendant fixed a threshing machine in the road, the sweep of which reached near plaintiff's fence; that some person attempted to pass with an ox team while defendant was threshing, but was requested by the threshers to stop; that he then offered to go back and take another road, but the defendant took down the plaintiff's fence nearly opposite the threshing machine, and drove the team through the enclosed field a short distance and out again upon the road; that the ground was occupied by a garden, and some slight injury was done. The defendant testified that the threshing machine was placed in the road ten or fifteen feet from the fence which separated his land from the highway, and as near his barn as it could be, the barn being ten or twelve feet back from the line of his fence; and that the horses attached to the machine travelled within four or five feet of the plaintiff's fence, so that teams could not safely pass while defendant was threshing. He further offered to show that it was customary for farmers to place the horse power of a threshing machine on a part of the highway adjoining their barns and premises for a few hours while threshing their grain; but the evidence was ruled out. Defendant also introduced evidence tending to show that the land on which stood plaintiff's fence which was taken down was a part of the highway. The instructions given by the court, and those asked for by the defendant but refused, all had reference to the question whether the *locus in quo* was highway; but they all assumed that if it was, the defendant was not liable. Verdict and judgment for the plaintiff; and the defendant appealed.

*J. Stark* and *D. G. Rogers*, for appellant.

*Wyman* & *Johnson*, for respondent.

*By the Court*, COLE, J. Assuming that the place where the alleged trespass was committed was a legal highway, and that the fence was a clear encroachment upon it, still, upon the facts disclosed in the evidence, was the appellant justified in remov-

ing it? If this question is answered in the negative, then it is obvious that the other exceptions taken by the counsel for the appellant become immaterial and need not be noticed.

The appellant justifies the removal of the fence upon the ground that it stood in the highway, obstructing the travel and interfering with the use of the road by the public. And he relies upon the principle of law, laid down and sanctioned by many authorities, that when a highway is unlawfully obstructed, any person who wants to use it may remove the obstruction, and may even enter upon the land of the party erecting or continuing the obstruction, for the purpose of removing it, doing as little damage as possible. The difficulty, however, is to bring the case within the operation of this rule of law. The evidence abundantly shows that the appellant himself blocked up the highway at that place with his threshing machine, and thus created the necessity for removing the fence in order to accommodate the traveling community. It may well be that the public had a right to the entire width of the road, and a right of passage in the road to its utmost limit, unobstructed by any obstacle whatever. But we do not think the appellant, after having himself actually blocked up almost the entire portion of the road at that place not enclosed, had the right to remove the fence in order to furnish a passage for the public along that portion which had thus been enclosed. It seems that the use of the highway was not rendered entirely inconvenient or impossible by the encroachment of the fence. The public could and did pass along it notwithstanding this obstruction. And although a traveller passing along the highway might have the right to use any part which might be convenient or necessary for him, and even remove the fence because it hindered the travel and rendered the road less commodious, yet we do not think a person who had obstructed what space there was left,—had created the very necessity for removing the fence—could himself remove it because it was a common nuisance. We know of no principle of law which

justifies any such conduct. Here there was almost a total ob·struction of the highway generally used, by placing a threshing machine there, and this rendered it necessary for the appellant to remove the fence in order to avoid the consequences of his own wrongful act. Under these circumstances we are clear in the opinion that his acts were unlawful, assuming as we do that the fence stood in the highway. If we are right in this view of the case, then it is manifest that the other questions discussed are immaterial.

The judgment of the circuit court is therefore affirmed.