Godsell and another vs. Fleming.

GODSELL and another vs. FLEMING.

*November 21 — December 11, 1883.*

*(1) Who may abate encroachment on highway ?  (2) One unlawful act no justification for another.*

1. A private individual has no right to abate a mere encroachment which does not impair the public use of a highway or obstruct his individual rights.  *Williams v. Fink*, 18 Wis., 265, and *State v. Smith*, 52 id., 134, distinguished.

2. The fact that A. has unlawfully removed an encroachment placed upon a highway by B. does not justify B. in removing an encroachment placed thereon by A.

APPEAL from the County Court of *Dodge* County.

By permission of the owner of the fee, the plaintiffs erected a shed partly within the limits of a public highway in the town of Clyman, Dodge county.  The structure was on the side of the highway, entirely outside the traveled portion thereof, and did not interfere with the use of the highway by the public.  It was erected opposite a church which the plaintiffs attended, for the purpose of housing their teams during service.  Several other sheds, also within the highway limits and on a line with plaintiffs' shed, had been maintained there for several years for like purposes. The defendant (who also attended the same church) had theretofore laid a bridge across the ditch bordering the traveled track of the highway, and set two hitching posts opposite thereto, where the plaintiffs erected their shed.  The

defendant was accustomed, when at the church, to hitch his team to these posts. The plaintiffs took up such bridge and posts. Very soon after the shed was erected by the plaintiffs, the defendant, against their will, tore down that part of it which stood within the highway limits. This action was brought to recover damages therefor.

On the above facts, which were proved on the trial in the county court, the plaintiffs were nonsuited. They have appealed from the judgment of nonsuit.

The cause was submitted for the appellants on the brief of *Fribert & Lewis*, attorneys, and *A. K. Delaney*, of counsel, and for the respondent on the brief of *Lander & Lander*.

LYON, J. This trivial controversy — trivial in every respect except in the matter of costs, which the parties are industriously making for one or both of them to pay— ought never to have been brought into court, and never would have been had either of them shown any decent regard for the rights of the other, or exercised even a very moderate degree of neighborly courtesy or forbearance. Failing these, to avoid the quarrel, if the parties could not themselves settle it, they should have invoked the kindly and discreet aid of the excellent priest of the church in which they both worshiped, or of other mutual friends, to adjust the controversy for them. But the cause is here, and this court must determine the questions of law raised by the appeal. In the light of former adjudications of this court the duty is not difficult. It was determined in *Larson v. Furlong*, 50 Wis., 681, that a private individual has no right to abate a public nuisance unless the same obstructs his individual right. The shed in question was scarcely a public nuisance, because it did not impede or incommode the lawful use of the highway by the public. It was rather a mere encroachment upon the right of way, as distinguished from an obstruction of the way, which is a nuisance.

The shed did not obstruct any individual right of the defendant. True, the plaintiffs, when they erected it, took up the bridge and posts the defendant had placed there, and which he had theretofore used. Yet he had no legal right to place them there. They, too,— particularly the posts,— were encroachments in the highway, and the fact that he committed the encroachments, and the further fact that the plaintiffs unlawfully removed the same, cannot and does not justify the act of the defendant in unlawfully removing another encroachment placed in the same highway by the plaintiffs, whereby plaintiffs' property was injured. One unlawful act is no justification for another unlawful act. The defendant might as well claim an assault committed upon him by the plaintiffs as a justification for tearing down their shed, as to claim the removal of the bridge and posts as such justification. The plaintiffs would be liable to an action for the assault, and perhaps are so liable for removing the bridge and posts; but neither the assault nor the unlawful removal of the bridge or posts can change the quality of the defendant's act in tearing down the shed. No person other than the proper town authorities could lawfully abate the encroach- ments placed in the highway by either party, so long as the public use of the highway was not impaired, nor the private rights of such person obstructed. See *Hubbell v. Goodrich*, 37 Wis., 84, as to powers of supervisors in such cases. Nei- ther of these conditions resulted from the erection of the shed in question. Hence the defendant had no lawful right to tear. it down, and the plaintiffs, on the case made by the proofs, are entitled to recover some damages for· such un- authorized interference with their property. The nonsuit was therefore erroneous.

The cases of *Williams v. Fink*, 18 Wis., 265, and *State v. Smith*, 52 Wis., 134, are not in conflict with the views above expressed. In the first case, it is said that when a highway is unlawfully *obstructed*, a person who wants to use it may

remove the obstruction. There the defendant obstructed the highway with a threshing-machine, and then removed the plaintiff's fence, which it is assumed stood in the highway, in order that travelers on the highway might pass. It was held that because the defendant unlawfully obstructed the highway so as to render the removal of the fence necessary, he had no right to remove the fence, and the plaintiff recovered damages for such removal. Doubtless a traveler, finding the highway obstructed so that he could not pass there without removing the obstructions, might lawfully have removed either the threshing-machine or the fence, if he could have done so without committing a breach of the peace. So, in the present case, had the shed *obstructed* the highway, any traveler who desired to pass there might have peaceably removed it without making himself liable to an action therefor. But we have no such case. In *State v. Smith* the supervisors dug a ditch in the street in front of the defendant's premises which failed to drain off the surface water, but made a mud-hole, which was a nuisance to the plaintiff's premises. The defendant filled the ditch, but did not thereby injure the street or impair it for the public use. It was held that he had the right to abate the nuisance. For the reasons above stated neither of these cases aid the defendant.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded for a new trial.