THE CITY OF LEXINGTON v. CURTIN, *Appellant*.

**Criminal Law**: ARRAIGNMENT AND PLEA, WHEN NECESSARY, WHEN NOT. The rule that in order to sustain a conviction for a criminal offense, the record must show that the defendant was arraigned and that a plea was entered, has never been extended to cases other than proceedings by indictment. It does not apply to a prosecution for violation of a city ordinance prohibiting the keeping of a bawdy house.

*Appeal from Lafayette Criminal Court.*—HON. WM. H. H. HILL, Judge.

*Rathbun & Shewalter* for appellant.

NORTON, J.—This is a proceeding instituted by plaintiff before the recorder of the city of Lexington to recover a fine under an ordinance of said city prohibiting the keeping of a bawdy house, with a violation of which defendant was charged. Upon trial defendant was convicted, and her fine assessed at $100. On appeal to the criminal court the cause was tried *de novo* and judgment rendered for plaintiff for the like sum, from which defendant prosecutes her appeal to this court. The only ground upon which we

are asked to reverse the judgment is, that the record does not show that defendant was arraigned or that any plea was entered either before the recorder or in the criminal court. While it has been held ever since the case of *Thomas v. The State*, 6 Mo. 457, that when upon arraignment defendant does not confess the indictment to be true, it is error to proceed with the trial without the formal entry of a plea of not guilty, we are not aware that the doctrine has ever been extended to cases other than proceedings by indictment. Indeed, the above decision and those which have followed are but declaratory of the statute which provided then, as it does now, " that when any person shall be arraigned upon an indictment, it shall not be necessary to ask him how he shall be tried, and if he deny the charge in any form, or require a trial, or if he refuse to plead or answer, and in all cases where he does not confess the indictment to be true, a plea of not guilty shall be entered," &c. Wag. Stat., § 5, p. 1895. The principle announced in numerous decisions of this court that in trials on indictment the record must show an arraignment and entry of plea, does not apply in the case at bar, although the suit of plaintiff to recover a penalty for breach of its ordinance may be regarded as *quasi* criminal. Judgment affirmed, in which the other judges concur.

AFFIRMED.