THE STATE vs. SMITH.

*March 29 — April 19, 1881.*

WILFUL OBSTRUCTION OF HIGHWAY. *(1) Action civil or criminal? (2-4) Rights of public authorities and of land-owner, in respect to a highway. What is a " wilful obstruction ? "*

1. An action under sec. 101, ch. 152, Laws of 1869 (which is the same as sec. 101, ch. 19, R. S. 1858), to recover a penalty for the wilful obstruction of a highway, is a civil action; the state, in whose name it is to be brought (R. S., sec. 3295), has the right of appeal therein; and a judgment against the state may properly include the defendant's costs, which are payable by the county. R. S., sec. 3313.
2. The word "wilfully" is used in that statute in such a sense as to exclude from its operation a deposit of material in the highway by the land-owner in good faith and for a justifiable purpose.
3. While the public authorities have a right at all times to put a highway in good condition for travel, and to keep it in repair, they have no right, as against the owner of the land included in the highway, to do acts thereon which, without contributing to those ends, create a private nuisance.
4. Where, therefore, the overseer of a highway excavated, at the side thereof in front of the land-owner's store, a ditch which did not effect the purpose of draining the highway, but was so constructed that the water merely collected in that spot and formed a mud-hole, interfering with the use of the property: *Held*, that the filling of such ditch by the land-owner, without authority from the supervisors or the overseer, was not a *wilful obstruction* of the highway within the meaning of the statute.

APPEAL from the County Court of *Dodge* County.

In June, 1878, Snyder, overseer of the road district in which the defendant, *Smith*, resided, dug a ditch on the south side of the public road, in front of *Smith's* store, for the purpose of letting the water off from said road, and the defendant filled it up October 23, 1878; and this action was brought in a justice's court to recover a penalty of $25 for such filling. From the judgment in the justice's court the case was taken by appeal to the county court of Dodge county. In that court a jury was waived, and the court found, in addition to the facts already stated, that the overseer was not authorized by the supervisors to dig the ditch, and that defendant did not wilfully fill it up. As conclusions of law, it was held that the defendant was not indebted to the plaintiff, but was entitled to a judgment dismissing the complaint upon the merits. From a judgment in accordance with these conclusions, plaintiff appealed.

*Harlow Pease*, for the appellant.

For the respondent there was a brief by *Hall & Skinner*, and oral argument by *Mr. Hall.*

CASSODAY, J. This action was brought under section 101, ch. 152, Laws of 1869, being the same as section 101, ch. 19, R. S. 1858. That section provided that "whoëver shall wilfully obstruct any highway, or fill up or place any obstruction in any ditch constructed for draining the water from any highway, shall forfeit for every such offense a sum not exceeding $25; and the overseer of the proper district shall cause such obstruction immediately to be removed." This is a civil action to recover a penalty, and not a criminal prosecution, and hence the state has the right to review the judgment in favor of the defendant, on this appeal. *State v. Hayden*, 32 Wis., 663. The statute at the time made it the duty of the overseer of highways, in the district in question, to repair and keep in order this highway at the place mentioned, and to execute all

lawful orders of the supervisors. Section 5, ch. 152, Laws of 1869. Assuming, for the purposes of this case, that the overseer was bound to keep this particular part of the highway in good order and repair without express authority or instructions from the supervisors of the town, and assuming that the ditch in question was within the limits of the highway, as urged by counsel, still we are of the opinion that this judgment should be affirmed.

The ditch seems to have been in front of defendant's store, and ten or twelve feet therefrom. The testimony tends to show that it was dug for the purpose of draining the water off from the south side of the highway over the defendant's premises; but there is not a preponderance of evidence tending to show it ever effected that object, or furnished any channel which secured the passage of the water from that portion of the highway to any place. On the contrary, it appears from the testimony of the defendant, that the ditch had the effect to create a mud-hole at all times in front of his house or store, where the water could not get away except in dry weather; that it interfered with teams hitching to the hitching posts; that it was dry on every side, except where the ditch was dug; that it was always dry until after the ditch was dug; that it was higher east and west of the defendant's premises, and hence the ditch prevented the water from getting away; that the mud-hole interfered with the use and enjoyment of his property, and damaged his premises and business; and that he filled it up without any authority from the supervisors or overseer, but for the sole purpose of improving the street and having a dry spot in front of his door. This evidence was not disputed. We think the court was authorized to find that the defendant did not "wilfully" fill up the ditch.

This court, per DIXON, C. J., considered quite fully the meaning of the word "wilfully," here used, in the *State v. Preston*, 34 Wis., 675, and pretty clearly indicated that it meant being controlled by the will in contradistinction to rea-

The State vs. Smith.

son, — that is, obstinate, stubborn, perverse, inflexible, — and did not include the depositing of material in the highway by the land-owner in good faith for a justifiable purpose. Such we conceive to be the meaning of the word as used in that statute.

In the present revision of the statute (section 1326, R. S.) the word "wilfully" is omitted, as the revisers·say in their notes, "so as to make the mere obstruction subject to the forfeiture, though not done wilfully; the insertion of the word 'wilful' in the former law making it, in most cases, practically impossible to convict a party under this section, when the question is involved as to the legality of the highway." Certainly the duty of an overseer of a highway to keep the same in order and repair, does not include the right to unnecessarily make an excavation in front of every man's store or dwelling, where water must necessarily accumulate, with no chance for escape. It must be remembered that, presumptively, the defendant was the owner of the *locus in quo*, subject to the public easement. Such ownership undoubtedly gave him the right to maintain trespass against those unnecessarily and unlawfully occupying the same. The public authorities, of course, have the right, at all times, to put the highway in good condition for travel, and then keep it in order and repair. Acts, however, which in no way contribute to that end, but only serve to create a private nuisance, are no more under the protection of the law when committed by an overseer of the highway than they would be if committed by a stranger. In *Williams v. Fink*, 18 Wis., 265, it was held that "where a highway is unlawfully obstructed, any person who wants to use the highway may remove the obstruction, and may even enter for that purpose upon the land of the party erecting or continuing it, doing as little damage as possible." See *Jones v. Davis*, 35 Wis., 376. If this is the law as against the landowner, for a much stronger reason is it the law when it operates in his favor. Owning the soil, he has the right to make changes in its surface so long as he in no way intrenches

upon the user and enjoyment of travelers, nor the rights given by law to the public authorities over the same.

It is urged by counsel that the judgment is erroneous because it is against the state, and includes costs; and *Noyes v. State*, 46 Wis., 250, is cited in support of that position. But that was a criminal prosecution, whereas this, as we have seen, is a civil action. · Section 1, ch. 155, R. S. 1858, now section 3294, R. S. Such action, however, was properly brought in the name of the state. Section 2, ch. 155, R. S. 1858, now section 3295, R. S. And section 3313, R. S., provides that in such actions "the county in which the forfeiture was incurred shall be liable for the costs of the prosecution, and, if judgment be for defendant, for all the costs of the action." Such being the rights of the parties and our view of the law, we are unable to discover any error in the record.

*By the Court.*— The judgment of the county court is affirmed.