THE CITY OF ST. LOUIS v. KNOX, *Appellant.*

1. **Municipal Corporation**: LICENSE: PLEADING. An information to recover the penalty for violation of a city ordinance in failing to obtain a license before engaging in the business of a stock yard or sale stable proprietor or keeper, or of that of a horse or cattle dealer is sufficient, if it describe the act complained of in the language of the ordinance.

2. ———: ———: PRACTICE. Prosecutions to recover such penalties are not criminal proceedings. It is not necessary, therefore, that the record should show arraignment or plea of not guilty.

| 74 | 79 |
|---|---|
| 32a | 149 |
| 74 | 79 |
| 40a | 588 |
| 74 | 79 |
| 44a | 152 |
| 74 | 79 |
| 49a | 81 |
| 74 | 79 |
| 130 | 612 |
| 74 | 79 |
| 68a | 628 |
| 74 | 79 |
| 139 | 570 |
| 71a | 413 |
| 74 | 79 |
| 143 | 46 |
| 75a | 429 |
| 74 | 79 |
| 86a | 648 |
| 74 | 79 |
| 164 | 615 |
| 74 | 79 |
| 167 | 678 |
| 90a | 322 |
| 74 | 79 |
| 100a | 344 |

*Appeal from St. Louis Court of Appeals.* The case is re-
ported in 6 Mo. App. 247.

AFFIRMED

The information was as follows :
" THE STATE OF MISSOURI, ⎫ ss.
  The City of St. Louis, ⎭

Thomas Knox, to the city of St. Louis, Dr. to $200,
for the violation of an ordinance in relation to stock yard
proprietors, sale stables and horse and cattle dealers, being
numbered 10367, section 2, approved September 7th, 1877,
in this, to-wit : In the city of St. Louis, and State of
Missouri, on the 14th day of March, 1878, and on divers
other days and times between said day and the 7th day of
September, 1877, the said Thomas Knox did then and there
set up, establish and keep a sale stable and stock yard at
premises number — Broadway, in the city and State afore-
said, and did then and there stable horses and mules at the
premises aforesaid, for the purpose of selling, bartering
and trading in the same as a business, and did then and
there sell, barter and trade horses and mules as aforesaid,
without having paid for and obtained from the collector of
said city a license therefor, contrary to the ordinance in
such case made and provided. On information of Jacob
Kurtzeborn."

*Andrew M. Sullivan* and *R. S. Macdonald* for appel-
lant.

The information is fatally defective, inasmuch as it
charges the defendant with keeping both a sale stable and
a stock yard ; the license for the stock yard being $150,
and the fine $300, whereas the license for the sale stable is
$100, and the fine $200. Two misdemeanors, therefore,
are joined in one complaint, and it cannot be ascertained
except by implication upon which the defendant was con-

victed; hence, he would not be able to plead the record in bar to another prosecution. *State v. Fisher*, 58 Mo. 256; *State v. Reaky*, 62 Mo. 40. The information does not sufficiently state the circumstances necessary to create the misdemeanor, but the offense simply, in general words. *St. Louis v. Fitz*, 53 Mo. 582. There is no arraignment and no plea of not guilty shown in the record. *State v. Billings*, 72 Mo. 663.

*Leverett Bell* for respondent.

SHERWOOD, C. J.—Proceedings by information, by the the attorney of the plaintiff, against the defendant, for violation of an ordinance in relation to stock yard proprietors, sale stables, etc., the said Thomas having failed to take out a license as required by that ordinance. The trial resulted in a judgment in favor of plaintiff.

Counsel for defendant seem to regard this as a criminal proceeding, and, therefore, open to every such objection as might be taken were this a proceeding by indictment. This position is altogether untenable. The matter set forth in. the information is not a misdemeanor in the ordinary sense of that term; not an offense against the laws of the State, but simply an infraction of a city ordinance, which infraction does not amount to a crime, but only to that which gives the city the right to proceed for the collection of a sum of money, because of the violation by defendant of the ordinance. This proceeding is only a civil suit and has the incidents and attributes merely of a *quasi* criminal character. *City of Kansas v. Clark*, 68 Mo. 588. For these reasons, it was not necessary that the defendant should be arraigned, or that there should be a plea of not guilty, found in the record. The information is well enough, since it describes the act complained of in the language of the ordinance. The objections, therefore, to the information were properly denied, and so we affirm the judgment. All concur.