## CHAFIN vs. WAUKESHA COUNTY.

*February 7 — March 3, 1885.*

*(1) Counties: Liability for expenses of criminal proceedings: Justices'*
*fees.   (2) Village ordinance: Drunkenness: Civil action.*

1. The county is liable for the necessary expenses and services (includ-
ing fees of justices of the peace) incident to the administration of
the criminal laws of the state, but is not liable for expenses and
services incident to the prosecution of actions to recover forfeit-
ures under village ordinances, even though such actions are
brought in the name of the state.

2. A village ordinance authorizing the arrest of "all persons found in
the streets or public places of said village intoxicated or guilty of
any disorderly conduct calculated to disturb the peace and quiet
of the inhabitants," and providing that if upon the trial of such
persons it should appear that they were "drunk or disorderly"
they should be fined "in a sum not exceeding $40 nor less than
$1," and in default of the payment of such fine and costs be
committed to jail for not more than forty nor less than three
days,— does not undertake to provide a different mode of punish-
ment for the offenses described in sec. 1561, R. S.   The violation
of the ordinance is not a misdemeanor, and the prosecution there-
for is merely a civil action for the collection of a forfeiture.

APPEAL from the Circuit Court for *Waukesha* County.

Action to recover fees for services performed by the
plaintiff as a justice of the peace in the defendant county.
The case is thus stated by Mr. Justice CASSODAY:

"On the trial the circuit court found, as matters of fact,
that the plaintiff was elected a justice of the peace by the
town of Waukesha, and held that office from November 1,
1882, to May 1, 1883, and as such performed services during
that time in trying cases for drunkenness occurring in the
village of Waukesha, in violation of sec. 1561, R. S., under
which the same were prosecuted, and his fees charged there-
for amounted to $41.84; that the plaintiff was elected a
justice of the peace by the village of Waukesha, and held
that office from May 1, 1883, to November 1, 1883, and as

such performed services during that time in trying cases for drunkenness occurring outside of the village of Waukesha, and prosecuted under sec. 1561, R. S., and his fees charged therefor amounted to $5.32; that during the same time the plaintiff, as such justice, performed services in trying cases for drunkenness occurrring in the village, in violation of ch. 7 of the ordinances of the village, and prosecuted thereunder, and his fees charged therefor amounted to $149.44; that the several items charged for in the plaintiff's complaint were correct and just; that an itemized account for said three several claims, amounting in the aggregate to $196.60, was duly presented to the board of supervisors of said county some time prior to November 30, 1883, and that said account, and the whole thereof, was on said last-mentioned day disallowed.

"As conclusions of law, the court found, in effect, that the defendant was liable for each item of the plaintiff's fees, as such justice, in each of said several claims; and that the plaintiff was entitled to recover of the defendant the sum of $196.60, the aggregate amount of said claims, with interest thereon from November 3, 1883; and ordered judgment accordingly, with costs. From the judgment entered accordingly the defendant appeals."

For the appellant there was a brief by *William H. Thomas*, District Attorney, and *Warham Parks*, of counsel, and oral argument by *Mr. Parks*.

*E. W. Chafin*, for the respondent.

CASSODAY, J.　The claim for $41.84 and the claim for $5.32 are each for fees accruing to the plaintiff as a justice of the peace, on prosecutions in the name of the state under sec. 1561, R. S.　By sec. 679, R. S., the plaintiff, as justice, was required, on or before the first Monday of November in each year, to forward to the county clerk a correct statement of all actions or proceedings had before him, during

the year next preceding, in which the county had become liable for costs; the amount of costs in detail in each case; and what items, if any, had been paid, and the amount thereof. The same section prohibited any justice, neglecting to make and return such statement within the time prescribed, from receiving any compensation *from the county* for any services rendered by him in any criminal case or proceeding during such year. By the amendment to that section of April 8, 1883, the justice was required to annex and file with such statement his sworn statement of all criminal actions tried before him during the same period, in which the defendant, or any defendant, had been convicted, reciting therein that the certificate of conviction in each case had been filed as required; and the amendment further provided that "*no bill* of any justice of the peace *shall be allowed*, in whole or in part, *unless* accompanied by such sworn statement, nor *unless* all such certificates of conviction have been filed." Ch. 188, Laws of 1883. The county must pay such justice for making and filing such statements and certificates. Sec. 696, R. S.

The statute contemplates the payment of fees to the justice for his services in criminal cases (sec. 3774, R. S.); and that all fines collected by him in such cases be paid over to the county. Sec. 4772, R. S. The liability of the county for such services, thus assumed by the statutes, is thus recognized, if not expressly declared, as an absolute statutory liability. This construction is supported by the repeated decisions of this court to the effect that the county is liable for the necessary expenses and services incident to the administration of the criminal laws of the state. *Carpenter v. Dane Co.* 9 Wis. 274; *Dane Co. v. Smith*, 13 Wis. 585; *Hall v. Washington Co.* 2 G. Greene (Iowa), 473; *Bright v. Supervisors*, 18 Johns. 242. See Sanborn & Berryman's notes to sec. 677, R. S. Some of the decisions cited were made prior to the enactment of ch. 257, Laws of 1862, and ch. 31,

Laws of 1869, from which the revisers took sec. 679 and sec. 696, *supra;* clearly indicating that the legislature, at the time of such enactments, recognized the existence of such liability. It follows that the county is liable for the aggregate amount of the two sums above named, to wit, the sum of $47.16, with interest thereon from November 3, 1883.

As to the plaintiff's claim for $149.44, for services in trying cases for drunkenness occurring in the village in violation of the village ordinance, and prosecuted thereunder, an entirely different question is presented. That ordinance went into effect March 19, 1878, and was entitled "An ordinance to suppress intemperance." The power to enact the ordinance seems to have been given by the charter. Sec. 18, ch. 30, P. & L. Laws of 1859. Under sec. 1561, R. S. (sec. 17, ch. 179, Laws of 1874), "any person found in a public place *in such a state* of intoxication *as to disturb others, or unable,* by reason of his condition, *to care for his own safety or the safety of others,* shall, upon conviction thereof, be punished by a fine not exceeding ten dollars, *or by imprisonment in the county jail* for not more than five days, or by both such fine and imprisonment; but this section shall not abridge the powers of cities and villages to provide a different mode of punishment for such offenses." The right here given upon conviction to punish by imprisonment instead of fine, or by both fine and imprisonment, makes the offense described therein a misdemeanor. Sec. 3294, R. S.; *Oshkosh v. Schwartz,* 55 Wis. 487, 489. True, this section does not undertake to "abridge the powers of cities and villages to provide a different mode of punishment for such offenses;" but this applies only to "such offenses."

The ordinance before us did not undertake "to provide a different mode of punishment for such offenses." It authorized the arrest of "all persons found in the streets or public places of said village intoxicated, or guilty of any disorderly

conduct calculated to disturb the peace and quiet of the inhabitants." 'It then provided, in effect, for the trial of such person or persons after they became sober, and that if it should be made to appear on such trial "that such person or persons were drunk or disorderly," then that they should be fined by the justice "in a sum not exceeding twenty-five dollars, nor less than one dollar;" and, *in default of the payment* of such fine and costs, the offender be committed to jail for not more than forty nor less than three days. It is very plain that the punishment here provided did not make the offense described a misdemeanor, within the rule and authorities mentioned. It is equally clear that the offenses prescribed in the ordinance are different from those prescribed in the statute. One of the offenses prescribed by the ordinance was for being found intoxicated or drunk in any street or public place of the village. Simply being found intoxicated or drunk in such street or place constituted the offense. But that was insufficient to constitute an offense under the statute quoted. That statute required, in addition, such a state of intoxication as to disturb others or disable the offender, by reason of his condition, to care for his own safety or the safety of others. The other offense prescribed in the ordinance was for being guilty of any disorderly conduct calculated to disturb the peace and quiet of the inhabitants. This offense could be complete without the offender being intoxicated or drunk; and being intoxicated or drunk was no part of that offense. The ordinance did not undertake, therefore, to punish the same offense as was punishable by statute. Hence the question discussed, as to whether there could be a double punishment for the same offense, does not arise.

It follows, from what has been said, that prosecutions for the violation of the ordinance were civil actions merely, for the collection of forfeitures. Sec. 3294; *State v. Smith*, 52 Wis. 134; *Oshkosh v. Schwartz*, 55 Wis. 483. The mere fact

that the prosecutions were in the name of the state did not prevent them from being civil actions. Sec. 3295, R. S. The charter expressly gave the right to bring them by warrant in the name of the state. Sec. 19, ch. 30, P. & L. Laws of 1859. Such forfeitures might have been sued for and recovered in the name of the village. Sec. 3303, R. S., and sec. 18, ch. 30, P. & L. Laws of 1859. But that section did not prohibit prosecutions therefor in the name of the state. The forfeitures were imposed by ordinance as therein prescribed, and the moneys collected thereon went to the village as therein prescribed. This is the same in effect as the village charter. Sec. 20, ch. 30, P. & L. Laws of 1859. The state was, at most, a nominal party, and, we think, so far as the costs of such prosecutions were concerned, the actions must be regarded the same as though they had been in the name of the village. Certainly the mere option of bringing the actions in the name of the state instead of the name of the village did not give the village authorities the right to shift at pleasure upon the county the burden of paying the costs and expense of such prosecutions, and, at the same time, retain the penalties or fruits of such prosecutions. This, we think, follows logically from the adjudications cited and the cases therein referred to. We must therefore hold that the county is not liable to the plaintiff for his services performed in trying cases prosecuted under the village ordinance. *Pillsbury v. Brown*, 47 Cal. 477. Of course the village is liable.

For the reasons given, the judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment in favor of the plaintiff and against the defendant for the sum of $47.16, with interest at seven per cent. from November 3, 1883.

*By the Court.*— Ordered accordingly.