*In re* MIKE MILLER.

St. Louis Court of Appeals, February 24, 1891.

1. **Criminal Law** : PRESENCE OF DEFENDANT AT TRIAL. *Semble* that, in a criminal prosecution even for a misdemeanor, the defendant must be present either in person or by agent or attorney, when he is tried.

2. **Municipal Corporations** : PROCEEDINGS FOR VIOLATION OF ORDINANCES. A proceeding by a municipal corporation for the violation of its ordinances is to be governed by the rules applicable to civil proceedings, and the mere fact, that the statute provides that in cities of the fourth class the original writ shall be a *capias,* instead of a summons, does not convert the proceeding into a criminal action.

3. ———— : ———— : IMPRISONMENT OF OFFENDER. The statute provides that it shall be part of the judgment in such a proceeding, if against the defendant, that the defendant shall be imprisoned until the judgment shall be complied with ; it also provides that any defendant committed under such judgment may be discharged upon payment of the fines and costs, or upon perfecting an appeal. *Held,* accordingly, that a defendant taken in custody under such a judgment does not entitle himself to a release by merely tendering sufficient property upon which to levy the execution.

4. ———— : ———— : ————. The defendant in such a case is not . however, bound to pay the costs of an unsuccessful proceeding of *habeas corpus,* in order to entitle himself to a discharge from imprisonment ; he is entitled to a discharge on the payment of the fine together with the costs of the original proceeding against him.

In re Miller.

*Original Proceeding.*

PRISONER REMANDED.

*A. Corse* and *Louis A. Steber*, for petitioner.

*Mitchell & Jones*, for respondent.

ROMBAUER, P. J.—The following facts appear from the petition, return and admissions made upon the hearing. The petitioner was brought before the mayor's court of Rolla on a warrant for his arrest, charging him with the violation of a city ordinance. He was arraigned, pleaded not guilty, and demanded a jury trial. His case was continued to a subsequent day; a *venire* was issued for a jury to try him on that day; and in the meantime he was permitted to go at large, without being put under a recognizance. On the day set for his trial he did not appear either in person or by agent or attorney, and the jury was impaneled in his absence, heard the evidence, found him guilty and assessed his punishment at a fine of $1 and costs. The mayor thereupon issued an execution with a *capias* clause (such a writ being provided for by the ordinances of the city of Rolla), and the marshal, not finding property whereon to levy the execution, took the body of the petitioner into his custody, as commanded by the writ, and imprisoned him in the calaboose of the city. The petitioner thereupon sued out a writ of *habeas corpus*, and was brought before the circuit judge of Phelps county, who, upon the hearing, remanded him to the custody of the marshal. When so remanded, the petitioner tendered property sufficient to satisfy the execution against him, but the marshal declined to levy the writ on such property, claiming that he had no power to do so, after he had taken the petitioner's body. The detention of the petitioner under these circumstances is claimed by him to be an illegal restraint, for the following reasons:

I.   It is claimed that the trial and sentencing of the petitioner in his absence, and the absence of his attorney or agent, was illegal and void.   A long line of adjudications in this state declare that a judgment rendered in a case of felony is void, unless the record affirmatively shows that the defendant was personally present at every stage of the trial. This is based upon the statute, but the rule at common law is substantially the same. In *State v. Glassner*, 7 Mo. App. 572, the rule is stated by Judge LEWIS to be: "When a fine only is to be imposed, it is not necessary that the defendant be present when the judgment is pronounced.   But, if imprisonment is to be inflicted, or any other punishment higher than a fine, whether the crime be treason, felony or misdemeanor, the defendant must be personally present." That case was one of petit larceny, and the sentence was imprisonment in the work-house for six months.   As a rule deduced from authorities here and elsewhere, we are inclined to hold that, even in cases of misdemeanor, the defendant must be present, either in person or by agent or attorney, when he is tried.

But the trial of the petitioner was not one in a criminal proceeding.   The offense for which he was tried is one created by ordinance, and its punishment cannot exceed a fine of $15.   That proceedings by municipal corporations in this state for a violation of their ordinances are to be governed by the rules applicable to civil proceedings, has been frequently decided, and the mere fact that the statute provides that in cities of the fourth class the original writ shall be a *capias*, instead of a summons, cannot of itself turn a proceeding, civil in its character, into a criminal one.   The mayor in these cities is a conservator of the peace, but his jurisdiction is confined to hearing and determining offenses against the ordinances of the city, and it is expressly provided that, as soon as it appears in the progress of any trial before him that an offense has been committed against the criminal laws of the

state, he must immediately stop the further hearing of the cause.   R. S. 1889, sec. 1640.

Nor can the fact, that the petitioner was not recognized to appear when the cause was continued after his arraignment, avail him. If his personal presence at the trial was not indispensable to render a valid judgment against him, the omission to take a recognizance from him for the purpose of securing his personal attendance was at most an informality, which in nowise affected the jurisdiction of the court. How his rights were invaded because he was not held to bail, or in default thereof committed to prison in the first instance, is not conceivable.

II. It is claimed that, as the execution issued upon the judgment commanded the city marshal to levy the debt and costs of the goods and chattels of the defendant, the marshal could not take his body into cu;tody before exhausting that part of the execution. The marshal's return shows, and its truth is not controverted ( even if it could be ), that he knew of no goods and chattels in the city of Rolla belonging to the defendant. The statute ( R. S. 1889, sec. 1643 ) provides that it shall be *part* of the judgment that the defendant stand committed to jail, calaboose or other city prison, until the judgment is complied with. Such a provision was part of the judgment in this case. The statute further provides ( sec. 1644 ) : " Any defendant committed under the provisions of this article may be discharged on the payment of the fines and costs, or on perfecting an appeal." The statute nowhere provides that, after a defendant has been taken into custody for non-payment of a .fine, he may discharge himself by tendering property to the officer whereon to levy the execution. He can discharge himself only by either paying the fine and costs or by taking an appeal.

It would seem from the marshal's return that he claims to hold the prisoner as well for the non-payment

of the fine and costs originally imposed, as for the pay-
ment of the costs accrued in the *habeas corpus* proceed-
ings before the circuit judge of Phelps county. To the
extent of these last costs, the claim is excessive. The
petitioner is entitled to his discharge upon a tender in
money of the fine and costs in the original action. As
it does not appear that such tender ever was made, and
his imprisonment is otherwise legal and valid, he must
be remanded to custody.

All the judges concurring it is ordered that the
prisoner be remanded to the custody of the marshal.
As he is now at large under bond filed in this court,
awaiting the final determination of his petition, it is
further ordered that the bond so filed be transmitted to
the mayor's court at Rolla for such proceedings thereon
as the municipality may deem advisable.