STEVENS, *Appellant,* v. KANSAS CITY.

Division One, December 8, 1898.

**Police Court**: APPEALS: CRIMINAL COURT OF JACKSON COUNTY: JUDGMENT ON BOND: CONSTITUTIONAL. C. was convicted in the police court of Kansas City, fined $500 and gave bond and appealed to the criminal court of Jackson county. The appellant was surety on the bond, which provided: "If the judgment of the police judge be affirmed, or upon trial anew judgment be given against him, he will pay or abide by the same." The criminal court affirmed the judgment of the police court, and entered judgment against C. and appellant for $500. *Held,*

1. The bond was not discharged by the appearance of C. at the trial, but was a bond to pay the judgment.

2. While the proceeding in the police court was a quasi-civil one, the criminal court of Jackson county is the proper appellate court in such cases, and has jurisdiction to render such judgments.

3. The laws empowering the criminal court of Jackson county to render a money judgment against the surety on a bond in an appeal from the police court of Kansas City, are not unconstitutional, and such judgment does not deprive the surety of his property without due process of law.

*Appeal from Jackson Circuit Court.*—HON. CHAS. L. DOBSON, Judge.

AFFIRMED.

*Frank Titus* for appellant.

(1) The judgment of the criminal court is illegal as against E. A. Stevens, viewing the proceedings before the police judge and criminal court as a civil case. R. S. 1889, secs. 4056-4064; Constitution, art. II, sec. 1; *State v. Dolan,* 93 Mo. 467; *Leonard v. Sparks,* 63 Mo. App. 598; *Kellogg v. Linger,* 60 Mo. 578; *Robinson v. Comm.,* 6 Dana (Ky.) 287; *Bassett v.*

*Oldham*, 7 Dana (Ky.), 168; Hawes on Jur., secs. 9, 12; Baylies on New Trials and Appeals, p. 11. (2) The criminal court of Jackson county is confined wholly in its jurisdiction to *"criminal offenses"* occurring in that county. R. S. 1889, secs. 2206 and 3976; *Schell v. Leland*, 45 Mo. 290; *State v. Hoeffner*, 63 Mo. App. 409; *Cloud v. Inh. of Pierce City*, 86 Mo. 366; *State ex rel. v. Buchanan Co.*, 108 Mo. 242. (3) If the proceedings in the criminal court and before the police judge constituted a civil case; they must be governed by Art. IX, Ch. 94, R. S. 1889, relating to appeals from justices of the peace. But such application is impossible being directly in the teeth of sec. 1823, R. S. 1889. See sec. 6614, R. S. 1889. (4) Where a defendant appears and stands trial, even though he afterwards departed without leave of the court, the surety for his appearance is released. *Lyons v. State*, 1 Blackford, 308; *Keefer v. Comm.*, 2 Penrose and Watts (Pa.), 240; *Moorehead v. State*, 38 Kan. 489; *Smith v. Kitchen*, 51 Geo. 158; *State v. Rosseau,* 39 Tex. 614; *Comm. v. Coleman*, 2 Metc. (Ky.) 382; *Colquist v. Smith*, 65 Geo. 341; *Ogden v. People*, 62 Ill. 64; *Chase v. People*, 2 Colo. 528; *Jackson v. State*, 52 Kan. 249; *Damon v. Carroll*, 163 Mass. 404. (5) And where a bond for the appearance of an appellant contains other obligations or conditions beyond the statutory requirement, such other conditions are void. *State v. Lewis*, 61 Mo. App. 633; *Tucker v. Davis*, 15 Geo. 573; *Lloyd v. McTeer*, 33 Geo. 37; *Wright v. State*, 22 Tex. App. 670; *Watson v. State*, 20 Tex. App. 383. (6) A summary judgment against a surety is illegal where not expressly authorized by statute. *Willard v. Fralich*, 31 Mich. 431; *Bondie v. Bourassa*, 46 Mich. 321. (7) The plea of *res judicata* as pleaded does not constitute a defense to the bill. *Riggs v. Pursell*, 74 N. Y. 370; *Blank v. Blank*, 107 N. Y. 91; *Garden City Co. v. Smith*, 1 Dill.

307; *Boyle v. Zacharie*, 6 Pet. 656; *Phelps v. Harris*, 101 U. S. 370; *Birch v. Funk*, 2 Metc. (Ky.) 544; 2 Freeman on Judg. [4 Ed.], secs. 495, 511, 512; *Higgins v. Beckwith*, 102 Mo. 456.

*R. B. Middlebrook* for respondent.

(1) The offense charged in the information was not a criminal offense in the meaning of the statute. *Marshall v. Standard*, 24 Mo. App. 192; *Ex parte Hollwedell*, 74 Mo. 395; *State ex rel. v. Walbridge*, 119 Mo. 383; *St. Louis v. Weitzel*, 130 Mo. 600; *St. Louis v. Vesper*, 59 Mo. App. 45. (2) The judgment against the principal binds the sureties on the appeal bond and is *res adjudicata* as to them. *Hydraulic Pressed Brick Co. v. Newmeister*, 15 Mo. App. 592; *Cockrill v. Owen*, 1 Mo. 287. (3) Revised Statutes of Missouri 1889, Volume 2, page 2206, section 2, provides for the establishment of a criminal court in Jackson county and gives that court powers over criminal cases which the circuit court in Jackson county formerly had; but the right of the people of Kansas City by their charter to define and specify in what manner the cases appealed from the charter tribunals of the city shall be tried by courts already established by the State, has been upheld by this court many times. And this court has announced that the provisions of the charter regulating the practice of the circuit court with reference to municipal litigation control. *Kansas City v. Ward*, 134 Mo. 172; *Kansas City v. Marsh Oil. Co.*, 140 Mo. 458; *Kansas City ex rel. v. Scarritt*, 127 Mo. 642.

MARSHALL, J.—Carrie Neal was adjudged a vagrant by the police court in Kansas City, and fined $500. She appealed to the criminal court of Jackson county, and plaintiff signed the bond as surety. The bond was conditioned, inter alia, that, "if the judgment of the

police judge be affirmed, or, upon a trial anew in said''
(appellate) ''court, judgment be given against him, he
will pay or abide by the same, and obey every order
which shall be made in the premises, and not depart
the court without leave or if his appeal be dismissed,
he shall pay the judgment of the police judge, together
with all costs, and render himself in execution, and
abide by and perform the judgment of said police judge
as therein adjudged against him, this recognizance
shall be void; otherwise it shall remain in force.''

The criminal court affirmed the judgment of the
police court, and entered judgment against Carrie Neal
and plaintiff for $500. Stevens moved to set aside the
judgment and to quash the execution, which being
overruled he appealed to the Kansas City Court of
Appeals, where the judgment was affirmed. *Kansas
City v. Neal*, 49 Mo. App. 72. Stevens then sued out a
writ of error from this court but the court, on hearing,
held it had no jurisdiction, and transferred the case to
the Kansas City Court of Appeals. *Kansas City v. Neal*,
122 Mo. 232. That court again affirmed the judgment be-
low. Stevens then began this suit in equity to have the
judgment canceled and set aside as a cloud on the title
to his real estate, and because the judgment would
deprive him of his property without due process of
law and because the criminal court had no jurisdiction
to render the judgment. The circuit court dismissed
the bill and plaintiff appealed.

I. It is argued that the obligation signed by
plaintiff was a simple bond for the appearance of Carrie
Neal in the criminal court, and as she appeared at the
trial the obligation of the bond was discharged. If the
premises were true, the conclusion would follow. But
plaintiff is in error as to the bond. It is more than an
appearance bond. It is a bond to pay the judgment
of the police court or the judgment that may be

rendered by the criminal court. It is in the form required by section 17 of article IV, of the charter of Kansas City, taken, as it is required to be, in connection with section 6329, Revised Statutes 1889. This question moreover is not open to inquiry in this proceeding. Its merits were adjudicated in *Kansas City v. Neal*, 49 Mo. App. 72, and can not be considered in this action.

II. The only question not concluded by the proceedings heretofore taken and adjudications rendered is whether the criminal court had jurisdiction to render the judgment against plaintiff, and whether plaintiff is being deprived of his property without due process of law.

It is argued that the proceeding in the police court was a civil proceeding, and that the criminal court of Jackson county has no civil jurisdiction, and hence no power to render the judgment.

The charter of Kansas City—section 17, article IV —provides that appeals from the judgment of the police court shall lie to the criminal court of Jackson county, in all cases, except tax cases, (in which latter cases the appeal lies to the circuit court of Jackson county), and that all appeals, "shall be taken and granted in the same *manner* as appeals from justices of the peace in civil cases." Section 6327 *et seq.*, R. S. 1889, regulates the manner of taking appeals from justices of the peace in civil cases, and section 6349 authorizes a judgment in the appellate court against the appellant and ,'his sureties in the recognizance for the appeal." The judgment against plaintiff was therefore legal, if the criminal court of Jackson county had jurisdiction over the subject-matter. *Kansas City v. Ward*, 134 Mo. 172; *Kansas City v. Marsh Oil Co.*, 140 Mo. 458.

The act creating the said criminal court provides: "The judge of said court shall have all the powers of

a circuit judge in criminal cases, and the said court shall have exclusive, original and appellate jurisdiction of criminal offences in Jackson county," etc.

A proceeding in a police court to punish a violation of a municipal ordinance by a fine or imprisonment, is civil in form and quasi-criminal in character. *Ex parte Hollwedell*, 74 Mo. 395; *Ulrich v. St. Louis*, 112 Mo. 138; *St. Louis v. Weitzel*, 130 Mo. 600; *Kirkwood v. Cairns*, 44 Mo. App. 88. It is governed by the rules of pleading applicable to civil cases, but if it was solely civil no fine or imprisonment could be inflicted. It is therefore a quasi-civil and criminal action. Partaking of some of the features of each, its similitude to either is not complete. In pleading it is more nearly like a civil action, but in its effects and consequences it more nearly resembles a criminal proceeding. It is indispensable to the peace and well being of the inhabitants of cities, and reaches offenses which State laws are not adapted to punish. This being its nature and character, it was proper that the appeal and the bond required, should be like an appeal from a justice of the peace in a civil case, and it was also proper that the appeal should be to the criminal court of Jackson county and not to the circuit court. It was perfectly competent for the legislature to give the criminal court of Jackson county appellate jurisdiction from the police court of Kansas City, and it was likewise competent for the framers of the Constitution to authorize cities of over 100,000 inhabitants to frame a charter for their own government, and in so doing to make all usual and proper regulations for the preservation of the peace and order in their midst, and to establish police courts, and to provide for appeals to some state court. Similar provisions are found in the charter of St. Louis, and in those of nearly all large cities, whether created by

special act of the legislature or organized under consti-
tutional authority. The criminal court and not the
circuit court is the natural channel for such cases to go
through to reach their ultimate appellate destination.
Every reason favors such a course, and no constitutional
prohibition stands in the way. This provision finds a
precedent in the case of *St. Louis v. Gleason*, 89 Mo.
67; 15 Mo. App. 1. c. 30, in which it was held that,
under the Constitution, the city of St. Louis, by its
charter, could confer jurisdiction in condemnation cases
on the circuit court, and that, "If necessary to uphold
the jurisdiction, the circuit court of the city of St. Louis
may be regarded, *pro hac vice*, as a court of the city,"
and that the city having power to confer jurisdiction,
it had power to regulate its exercise; and "therefore,
the objection that the provisions of the charter respect-
ing the notice to be given, and other steps to be taken
in the course of the proceeding, are not in conformity
with the provisions of the practice act, which regulates
civil actions in the circuit court," is not well taken.
Whether prosecutions in the police court are civil or
criminal actions, is, in this view, immaterial. The city
charter could confer appellate jurisdiction on the crim-
inal court of Jackson county, in this character of cases,
just as effectually as it conferred appellate jurisdiction
on the circuit court in appeals in tax cases appealed
from its police court, and just as legally as the charter
of St. Louis conferred jurisdiction on the circuit court
in St. Louis in condemnation cases. The character of
the jurisdiction conferred is different, but the power to
confer is the same, and it was a new jurisdiction not
before possessed by those courts. The procedure
authorized is in consonance with the underlying policy
of our law that every judgment of every inferior court
should be subject to review by some appellate court,

and thereby operate as a check upon any improper or arbitrary exercise of power by any one man.

This conclusion being reached, the constitutional point, that plaintiff is about to be deprived of his property without due process of law, becomes untenable, for he has had his day in court according to the manner of procedure prescribed by law for like cases, and has fully availed himself of his privilege.

It is unnecessary to consider the other points discussed by counsel, as this determines that the judgment of the circuit court was right, and it is accordingly affirmed.

All concur.