FORTUNE VS INCORPORATED TOWN OF WILBURTON.

Opinion delivered October 19, 1904.

1. *Municipal Corporations—Ordinances—Prosecutions for Violations of— Nature of Action.*

A prosecution for being drunk and disorderly in violation of an ordinance of an incorporated town is a civil proceeding, not a criminal action.

2. *Municipal Ordinances—Appeal from Conviction Under—Affidavit Necessary*

Upon appeal from a conviction for violating of a city ordinance, an affidavit must be filed as provided in Sec. 4135 Mansf. Dig. (2815 Ind. Ter. Stat.) and this affidavit must be filed with the justice before whom the conviction was had.

3. *Appeal—Record—Amendment by Rule on Lower Court.*

Under Sec. 4145 Mansf. Dig. (2825 Ind. Ter. Stat.) the Appellate Court will not compel, by rule and attachment, the amendment of the record, solely upon the unsupported motion of the defendant where the same is verified as correct by the justice.

Appeal from the United States Court for the Central District.

WILLIAM H. H. CLAYTON, Judge.

Robert Fortune, convicted of being drunk and disorderly, appeals. Affirmed.

*J. S. Arnote,* for appellant.

*Chas. H. Hudson* and *G. L. Andrews,* for appellee.

RAYMOND, C. J.   The appellant was arrested for being drunk and disorderly in violation of an ordinance of the incorporated town of Wilburton.   He was fined, after trial, $10 and costs, and sought to bring the case to the United States District Court for review.   The attorney for appellee moved the court to dismiss the appeal for the reason no affidavit of appeal was filed in the court below.   Counsel for appellant contends that the prosecution for the violation of an ordinance of an incorporated town is a criminal and not a civil suit, and hence no affidavit for appeal was necessary.   The court dismissed the appeal which was attempted to be taken, and appellant brings the cause here for review.

The first question presented is as to the character of the proceeding—civil or criminal.   The great weight of authority in this country is to the effect that all prosecutions for the violation of ordinances are civil suits.   "The best authority as to the character of an action under a municipal ordinance is found in those jurisdictions in which, following the common law, the courts regard the action as purely civil."   Ency. of Pleading & Practice, vol. 15, p. 413.   "The weight of judicial authority declares that the prosecution is in the nature of a civil action for the recovery of a debt."   McQuillin, Municipal Ordinances, § 304.   The Appellate Court of Illinois had occasion to pass upon this question recently in the appeal of the city of Chicago.   One

Kenney had been prosecuted for violating a city ordinance in relation to disorderly conduct, and was convicted before a justice of the peace, and appealed to the criminal court of Cook county. Judge Moran, in delivering the opinion of the court, says: "The fact that there is an arrest, either by warrant or on view, does not change the proceeding from a civil to a criminal one. * * * The argument of the counsel that this cannot be treated as a civil proceeding, because, in order to sustain it as such, the provision of our Constitution forbidding imprisonment for debt would be violated, is without force. The debts intended to be embraced in that clause are those arising ex contractu. It does not include fines or penalties arising from violation of penal laws. Kennedy vs People, 122 Ill. 649, 13 N. E. 213, and cases there cited. The committal of the defendant until the fine is paid is necessary in such cases, and the power to do so indispensable to the safety of society, the preservation of good order, and the enforcement of the ordinances. Ex parte Bollig, 31 Ill. 88." City of Chicago vs Kenney, 35 Ill. App. 57. To the same effect are the decisions of the Supreme Court of Indiana. "It is well settled in this state that an action brought by a municipal corporation to enforce a penalty for a violation of an ordinance is essentially a civil action. In the case of City of Goshen vs Croxton, 34 Ind. 239, the court say: 'A suit before a mayor to recover a penalty for a violation of a city ordinance, although a warrant may be issued and served, is a civil suit, and the rules of practice in civil suits apply, and are to be observed by the court.' See, also, City of Greensburgh vs Corwin, 58 Ind. 519." City of Hammond vs N. Y. C. & St. L. Ry. Co. (Ind. App.) 31 N. E. 817. The Supreme Court of Missouri, in 1902, in deciding a similar point, came to the same conclusion. "Violations of municipal police regulations are not crimes, within the meaning of that term as used in the Constitution. Stevens vs City of Kansas City, 146 Mo. 460, 48 S. W. 658; State vs Renick, 157 Mo. 293, 57 S. W. 713. Being mere prosecutions to recover a penalty for

a violation of a city ordinance, 'an arraignment and plea are unnecessary, since such a proceeding is not a criminal prosecution.' City of Lexington vs Curtin, 69 Mo. 626; City of St. Louis vs Knox, 74 Mo. 79. Ever since City of St. Louis vs Smith, 10 Mo. 439, such prosecutions have been treated by this court as civil in nature, although somewhat criminal in respect to some of the prescribed procedure. City of Kansas vs Clark, 68·Mo., loc. cit. 589; Ex parte Hollwedell, 74 Mo., loc. cit. 400; City of St. Louis vs Knox, 74 Mo. 79; City of St. Louis vs Weitzel, 130 Mo., loc. cit. 612, 31 S. W. 1045; City of Gallatin vs Tarwater, 143 Mo., loc. cit. 46, 44 S. W. 750; Stevens vs City of Kansas City, 146 Mo. 460, 48 S. W. 658; State vs Renick, 157 Mo. 293, 57 S. W. 713; State vs Muir (not yet officially reported) 65 S. W. 285." Delaney vs Police Court, 67 S. W. 589. "Fact that original writ shall be a capias, instead of a summons or notice, does not make proceedings criminal." In re Miller, 44 Mo. App. 125. "Notwithstanding the violation is quasi criminal, the penalty results from such violation. 'It is a sum of money due by reason thereof, and the remedy is strictly civil.' 'Is debt the proper form of action? If not, it is very clear there is no remedy. Assumpsit cannot be supported, for the want of a promise. Covenant will not lie, for there is no obligation under seal. Neither trespass nor case are any more appropriate. Debt is in fact the only form of action recognized by the principles of the common law for the recovery of fines, penalties, and forfeitures.' " Markle vs Akron, 14 Ohio, 586, 591, citing 1 Chitty, Pl. 101; Cincinnati vs Gwynne, 10 Ohio, 192. "Although act committed is a misdemeanor, the action is civil." Bristol vs Burrow, 5 Lea (73 Tenn.) 128. "Prosecutions for violations of ordinances are civil actions merely for the collection of forfeitures. Fact that action is in name of state does not make it criminal." Chafin vs Waukesha County, 62 Wis. 463, 467, 22 N. W. 732; State vs Smith, 52 Wis. 134, 8 N. W. 870; Sutton vs McConnell, 46 Wis. 269, 50 N. W. 414.

The statute in force here is as follows: "No appeal shall be allowed unless the following requisites shall be complied with: First. The applicant, or some person for him, shall make and file with the justice an affidavit that the appeal is not taken for the purpose of delay, but that justice may be done him." Ind. Ter. St. 1899, § 2815. It therefore must follow that, this being a civil cause, the affidavit as provided in the foregoing section must be filed in the court below. Looking at the transcript, it will be seen that no such affidavit was ever filed.

Counsel for appellant in the District Court moved the court for leave to file an affidavit under the statute. This the court denied. The court was right. The affidavit must be filed "with the justice."

The appellant then filed the following motion: "Comes now the defendant, Robert Fortune, and moves the court for a rule on J. W. Wade, mayor of the town of Wilburton, Indian Territory, before whom this cause was tried, to complete and correct his record in this matter, and certify the same up to this court, in the following particulars, to wit: (1) To attach to his record the motion for a change of venue made and filed by the defendant. (2) To attach to his record the bail bond of the defendant, given for his appearance before the mayor. (3) That, if the judgment certified to this court was signed by the said mayor, then that he cause his certified copy of the judgment to show that fact; if it was not signed by said mayor, that he sign the same, and amend his certified judgment by attaching his signature to the same. (4) To show whether or not an appeal was prayed and allowed, and whether or not an affidavit was made for an appeal; if so, that the same be attached to his certified record; the record being silent as to the prayer and affidavit for appeal. (5) That if his record does not show a prayer for an appeal nor affidavit of appeal, but either was made before him,

then to correct his record to show that fact, and amend his certified record to this court accordingly. J. S. Arnote, Attorney for Defendant." The statute provides: "Whenever the court is satisfied that the return of the justice is substantially defective, the court may, by rule and attachment, compel him to amend the same." Ind. Ter. St. 1899, § 2825. Here is a bare statement of counsel, asking a rule against the court below to complete and correct his record, as against the certificate of a sworn officer that his record was correct. The statute provides that, whenever the court is satisfied that the return of the justice is substantially defective, the court may enter a rule against him to correct it. But surely no one will contend that the showing made by appellant in his unsupported motion was sufficient to satisfy the court that the return of a sworn officer was defective. The court was right in denying the motion.

The court is of opinion there is no error in the record, and the judgment is affirmed.

TOWNSEND and GILL, JJ., concur.