## FORTUNE v. INCORPORATED TOWN OF WILBURTON.

(Circuit Court of Appeals, Eighth Circuit.   October 17, 1905.)

No. 2,179.

1. ACTION—ACTION FOR VIOLATION OF ORDINANCE—CHARACTER OF PROCEEDING.
    An action for violation of a town ordinance, although a fine may be imposed and enforced by imprisonment, is civil and not criminal in character.
    [Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Action, § 97.]

2. SAME—APPEAL—ARKANSAS STATUTES.
    Under the provisions of Mansfield's Digest of Arkansas, in force in the Indian Territory, which confer on mayors of municipal corporations the powers of a justice of the peace, and provide that appeals from his decisions shall be taken in the same manner as from those of a justice, and which further require an affidavit to be filed on an appeal from a justice in civil cases, stating that the appeal is not taken for the purpose of delay, such an affidavit is essential to perfect an appeal from the judgment of a mayor's court imposing a fine for violation of an ordinance.

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 82 S. W. 738.

James S. Arnote, for plaintiff in error.

Charles H. Hudson, for defendant in error.

Before VAN DEVANTER, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge.   Fortune was found guilty in the mayor's court of Wilburton, Ind. T., of the violation of a town ordinance, and sentenced to pay a fine of $10 and costs.   His appeal to the United States Court for the Central District of Indian Territory was dismissed for the reason that the action was a civil one, and he had not perfected the appeal by filing an affidavit in the court of first instance to the effect that it was not taken for the purpose of delay, but that justice might be done him.   The judgment of dismissal was affirmed by the United States Court of Appeals in the Indian Territory.   82 S. W. 738.

Under the Arkansas statutes in force in the territory, appeals from municipal courts are taken in the same manner as from decisions of justices of the peace; an affidavit being requisite in civil, but not in criminal, cases.   Fortune contends that the case against him was a criminal prosecution, both under general principles of law and under the controlling statutes of Arkansas.   The offense of Fortune was not a statutory misdemeanor, but was merely a violation of a local police regulation of the town.   The complaint against him, which was framed in the language of the ordinance, would not have supported a conviction of any public offense under the statutes.   The weight of authority is that such an action is civil in character, and not criminal, even though, as in this case, payment of the penalty assessed is authorized to be enforced by the arrest and detention of the person.   McQuillan on Municipal Ordinances, § 304; Dillon on Municipal Corp. §§ 411, 432; Williams v. Augusta, 4 Ga. 509; Shafer v. Mumma, 17 Md. 331, 79 Am. Dec. 656; Lewiston v. Proctor, 27 Ill. 414, 419; Quincy v. Ballance, 30 Ill. 185; Alton v. Kirsch, 68 Ill. 261; Tiedeman on Municipal Corp. § 156; Mc-

Gear v. Woodruff, 33 N. J. Law, 213, 217; Greensburgh v. Corwin, 58 Ind. 518; Hammond v. Ry. Co. (Ind. App.) 31 N. E. 817, 820; State v. Renick, 157 Mo. 292, 57 S. W. 713; St. Louis v. Knox, 74 Mo. 79; In re Miller, 44 Mo. App. 125; Bristol v. Burrow, 73 Tenn. 128; Chafin v. Waukesha County, 62 Wis. 463, 467, 22 N. W. 732; Sutton v. McConnell, 46 Wis. 269, 50 N. W. 414.

With some exceptions, unnecessary to be noted, the civil and criminal procedure of Arkansas and the laws relating to municipal corporations and to the jurisdiction and procedure of justices of the peace in civil and criminal cases were put in force in the Indian Territory. Act May 2, 1890, c. 182, 26 Stat. 81; Act March 1, 1895, c. 145, 28 Stat. 693; Act June 28, 1898, c. 517, § 14, 30 Stat. 499. A careful investigation has failed to disclose anything in these statutes that changes the prevailing doctrine as announced by the courts, or that prescribes for this particular class of cases a different procedure for appeals than obtains in civil actions generally. A section of the law relating to municipal corporations provides that the mayor shall be a conservator of the peace within the corporate limits, confers upon him all of the powers and jurisdiction of a justice of the peace in all matters, civil and criminal, arising under the laws of the state, imposes upon him the performance of all duties required of him by the municipal laws and ordinances, and further provides that appeals may be taken in the same manner as from decisions of justices of the peace. Mansf. Dig. § 797 (Ind. T. Ann. St. 1899, § 567).

It is contended on behalf of Fortune that another provision of the law, "that the procedure in circuit courts for the trial of criminal cases, so far as applicable, shall govern the proceedings of city and police courts" (Mansf. Dig. § 2356 [Ind. T. Ann. St. 1899, § 1699]), is a legislative recognition of the criminal character of a proceeding for the violation of an ordinance. Of course, the arrangement and distribution of legislative provisions, while proper for consideration, cannot change the essential character of an action. Moreover, the argument loses whatever significance it may apparently possess, when it is noted that the mayor is invested with a dual jurisdiction. There may be tried before him, not only cases involving infractions of the local ordinances, but also cases involving the criminal laws of the state. Again, his jurisdiction extends, not only to crimes and punishments, but also to civil rights and remedies. The adoption of the criminal procedure in the circuit courts was only so far as the same might be applicable, and it is evident that it was not the purpose thereby to change the nature or character of any cause that might be brought for trial before the mayor.

It is also contended that error was committed in denying Fortune's motion for an order requiring the mayor to send up a full and complete transcript of the proceedings, and also in the refusal of the Court of Appeals to permit an amendment of the bill of exceptions. But it is nowhere contended that an affidavit of appeal, such as is required in civil cases, was in fact filed, and, as we have found that such failure is fatal to the appeal, the other contentions just adverted to are immaterial and need not be considered.

The judgment is affirmed.