JOSEPHINE VITELLI, alias Josephine Martin, and ALFRED VITELLI, d. b. a., *v.* THE MAYOR AND COUNCIL OF WILMINGTON, a municipal corporation of the State of Delaware, p. b. r.

JACOB FABER, d. b. a., *v.* THE MAYOR AND COUNCIL OF WILMINGTON, a municipal corporation of the State of Delaware, p. b. r.

(*March* 31, 1938.)

HARRINGTON and RICHARDS, J. J., sitting.

*Thomas Herlihy, Jr.,* Assistant City Solicitor, for The Mayor and Council of Wilmington.

*Marguerite Dugan Bodziak* for the defendants below, appellants.

Superior Court for New Castle County, Nos. 138 and 198, September Term, 1936.

HARRINGTON, J., delivering the opinion of the Court:

By proceedings started before the Municipal Court of the City of Wilmington, the defendants below were charged with having violated the *Building Zone Ordinance* of that city. These proceedings were on information filed, the allegations of which were criminal in form. After a hearing, the defendants were found guilty, were directed to pay fines, and, on failure to pay the fines and costs, were, also, to be imprisoned for a specified period. They appealed from those judgments to this court. Informations of the same character were also filed in this court, and the defendants below filed pleas to the jurisdiction of the court in each case. These pleas merely alleged that there was no *Building Zone Ordinance* in the City of Wilmington when the alleged violations of that ordinance took place. The attorney for the city moved to quash both of them, apparently because the facts alleged were clearly in bar of the proceedings taken, and could only be pleaded in a plea of that nature.

But the only question argued before us was whether a proceeding before the Municipal Court of the City of Wilmington for the violation of an ordinance of that city was a criminal proceeding, or a civil proceeding, with certain criminal aspects, and therefore whether these proceedings were void. It was agreed by counsel that that question should be considered on the motion to quash, so it is the only question that will be considered by us.

■ In the absence of some mode of collection, provided for in the statute itself, an action of debt is usually the appropriate method for the collection of the penalty imposed for the violation of a penal statute. 3 *Black. Com.* (*Sharsw. Ed.*), star p. 161; 4 *Black. Com.* (*Sharsw. Ed.*), star p. 308; 1 *Chitty's Pl.* 357; *Archbold's Nisi Prius* (49 *Law Libr.*) 245; 7 *McQuillin, Municipal Corp.* (*Supp.*), § 1033.

Applying the same principles, Sir William Blackstone, also, points out "That a forfeiture imposed by the by-laws and private ordinances of a corporation upon any that belonged to the Body * * * immediately creates a debt in the eye of the law; and such forfeiture or amercement, if unpaid, works an injury to the party or parties entitled to receive it; for which the remedy is by action of debt". 3 *Black. Com.* (*Sharsw. Ed.*), star p. 161.

■ But where a statute provides a specific remedy for the collection of a monetary penalty imposed for a violation of its provisions, that method must be followed. 3 *McQuillin on Mun. Corp.*, § 1033; *Kirk v. Nowill,* 99 *Eng. Repr.* 1109; 7 *McQuillin, Mun. Corp.* (*Supp.*), § 1033.

It is not denied that the Municipal Court of the City of Wilmington has jurisdiction over violations of the city ordinances, and that it may punish the offenders in accordance with the provisions of the charter and ordinances of the city; and, in the exercise of that right, that it may "impose fines" within the prescribed limits or may "commit the prisoner, as occasion shall lawfully require". *Section* 2414, *Revised Code* 1935.

"All prosecutions" in said court for violations of city ordinances or regulations shall be "by information, without indictment by Grand Jury or trial by petit jury" and shall be in the name of "The Mayor and Council of Wilmington". *Sections* 2417, 2418, *Revised Code* 1935.

"Upon failure of a defendant to satisfy any judgment which may be rendered by the Municipal Court against him for the violation of a city ordinance, it shall be within the discretion of the Municipal Court to commit the defendant * * * until the judgment shall be fully satisfied". *Section* 2426, *Rev. Code* 1935.

The same section (2426, *Rev. Code* 1935) also provides:

1. That any person "so committed may * * * appeal from any judgment so rendered against him to the Superior Court for New Castle County".

2. But any person so appealing must enter into a recognizance, conditioned among other things "for the payment of any *judgment* which may be rendered in said Court against the appellant".

3. "The filing of a transcript, modes of trial, and forms of proceeding shall be as in cases of appeal from the judgments of justices of the peace".

Largely because proceedings for the violation of city ordinances are termed "prosecutions", are in the corporate name of the city, are by information and warrant issued; and also because of the power of the Municipal Court to "impose fines", "or to commit the prisoner", the Assistant City Solicitor contends that such proceedings are of a criminal nature, and the informations filed, both in the Municipal Court and in this court, were drawn on that theory, and in no sense as declarations in an action of a civil nature. *Pratesi v. Mayor, etc., of Wilmington,* 4 *Penn.* 258, 54 *A.* 694.

The case cited, apparently, bears out the contention of the city, but we are unable to reconcile the conclusion of the court with those provisions of the city charter incorporated in *Section* 2426 of the *Revised Code of* 1935. As we have seen by the express provisions of that section, the filing of a transcript and the modes of trial in case of an appeal must not only be "as in cases of appeal from the judgments of justices of the peace," but the appellant must,

also, enter into a recognizance conditioned "for the payment of any judgment which may be rendered * * * against the appellant".

The transcripts from judgments of Justices of the Peace referred to, apparently, relate to appeals from judgments entered by them in civil actions, as in most criminal cases a Justice of the Peace merely sits as a committing magistrate, and has no greater powers.

But these are not the only answers to the arguments made on behalf of the city. In criminal law, a fine is a pecuniary punishment imposed by a lawful tribunal upon a person convicted of a crime or misdemeanor; a fine may, however, include a forfeiture or penalty recoverable in a civil action. 1 *Bouv. Law Dict., Rawle's Third Rev.*, 1225.

Perhaps in modern practice, an information is usually a complaint or accusation exhibited against a person for some criminal offense, without indictment by grand jury. 2 *Bouv. Law Dict., Rawle's Third Rev.*, 1563, citing 4 *Black.* 308. But at common law, an information could be used in various civil and quasi civil actions, as well as in certain criminal proceedings, and, so far as it related to civil or quasi civil actions, was sometimes called the King's action of debt. 1 *Bishop's Criminal Procedure*, § 141; 4 *Black Com. (Sharsw. Ed.)*, star *p.* 308, 309; 1 *Chitty's Pl.* 358; 25 *C. J.* 1174.

In fact, it seems that an information in an action of a civil nature was for the King that which for a common person was called a declaration. 5 *Bacon's Abridg.* 169.

The form of an information filed by the Attorney-General for the Queen appears in Archbold's *Nisi Prius* (49 *Law Libr.*) 245, and the similarity of its allegations to the allegations of a declaration in an action of debt is strikingly apparent.

Even in modern times, it has been said that an "information by the Attorney-General is the usual procedure by

which to recover in behalf of the government for any debt or contract for moneys due it and for any forfeit due for the breach of a penal statute". *United States v. One Stephens Automobile,* *(D. C.)* 272 *F.* 188, 190.

Our conclusion, therefore, is that the proceedings in the Municipal Court for the collection of a fine or penalty for the violation of a city ordinance, provided for by its charter, was a civil proceeding having certain criminal aspects, and that these proceedings did not comply with the provisions of that charter, and are, therefore, void.

In the asbence of any statutory provision making the proceeding for the violation of a city ordinance a criminal action, this conclusion is in accordance with the rule laid down by the great majority of the decided cases. 7 *McQuill. on Mun. Corp. (Supp.),* § 1034; *Fortune v. Town of Wilburton,* (8 *Cir.*) 142 *F.* 114, 4 *L. R. A.* (*N. S.*) 782, 6 *Ann. Cas.* 565; *Feagin v. Attalla,* 162 *Ala.* 127, 50 *So.* 72; *In re Miller,* 44 *Mo. App.* 125.

In 7 *McQuillin on Municipal Corporations (Supp.),* § 1034, *supra,* the author says "In as much as a proceeding in the name of the city to recover a penalty for the breach of an ordinance involves some of the ideas, terminology and machinery of the criminal law, such proceeding is a criminal one from some points of view, but is, also, a civil proceeding from other viewpoints".

In *Fortune v. Town of Wilburton,* (8 *Cir.*) 142 *F.* 114, 4 *L. R. A.* (*N. S.*) 782, 6 *Ann. Cas.* 565, *supra,* the court, also, said "The weight of authority is that such an action [for the violation of a city ordinance] is civil in character, and not criminal, even though, as in this case, payment of the penalty assessed is authorized to be enforced by the * * * detention of the person".

In that case the town proceeded by an action of debt, but that does not affect the principle involved.

This question should have been raised in this court

by motions to quash (*Chapter* 239, *Vol.* 34, *Laws of Delaware, Section* 5318, *Revised Code* 1935[1]) at an early stage of these appeals, but whatever the rule might otherwise be by reason of the agreement of counsel it can be raised now.

For the reasons above given, the proceedings taken by the city are not authorized by the charter, and are, therefore, quashed.

---

[1] This statute provides that in criminal cases "Demurrers, pleas in abatement, and pleas to the jurisdiction are abolished. Objections heretofore raised by these pleadings shall be raised by motions to quash."