THE STATE ex rel. KANSAS CITY v. RENICK.

### In Banc, June 19, 1900.

1. **Appellate Jurisdiction:** PARDONS. Where a suit requires a construction of the Constitution relating to the pardoning power of the Governor, the Supreme Court has jurisdiction over the appeal.

2. ———: ACTS OF GOVERNOR OR LEGISLATURE REVIEWED. The judiciary exercises its highest and most important duty when it passes judgment on the validity of an act of a co-ordinate branch of the government which is challenged as being in conflict with the Constitution.

3. **Mandamus:** TO COMPEL EXECUTION: REMEDY AT LAW. In a suit by mandamus brought in the Supreme Court to compel a clerk of a court to issue an execution on a judgment, which such court has held is no longer binding because of a pardon of the Governor, the writ will not be denied on the plea that the relator has a remedy at law if the only remedy of that kind he has is a dilatory suit on the bond given to secure the payment of the judgment, which, because of its liability to contingencies and delays, is not so adequate as mandamus.

4. ———: JUDGMENT: DELAY OF EXECUTION. It is no reason for denying a mandamus in such case that the relator has delayed nine years in asking for execution. It is no concern of the clerk's that the judgment creditor has delayed to ask for execution, if the request is made within the period of statutory limitation.

5. **Judgment:** STAY OF EXECUTION: VACATING. It is beyond the power of a court to vacate a judgment after the term at which it was rendered has passed. Nor can the clerk refuse execution on the plea that the court has not directed execution, for a judgment is itself an order directing execution.

6. **Pardons:** POWER OF GOVERNOR TO ISSUE. The Constitution gives the Governor power to pardon only those persons convicted of a violation of a State law. It does not give him power to pardon persons convicted of a violation of city ordinances, nor can he relieve from the payment of a fine a surety who has signed a bond to pay what-

ever penalty might, on appeal from a judgment of a police court, be assessed against the appellant and himself if appellant should there be convicted of having violated a city ordinance. Nor is the clerk of the court in which such fine was issued justified on the strength of such pardon, in refusing to the city an execution against the surety on the bond of the person convicted of a violation of a city ordinance.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*R. B. Middlebrook* for relator.

(1) The judgment in Kansas City's favor against E. A. Stevens for $500 on the appeal bond has nothing in it upon which the pardoning power of the Governor can lawfully operate. The Governor is required to report to the General Assembly the pardons he has granted, stating the "name of the convict, the crime of which he was convicted, the sentence, its date, the date of the communication, pardon or reprieve and the reason for granting the same." This language has no application to a civil judgment obtained on an appeal bond or to a *quasi*-criminal proceeding like the enforcement of a city ordinance. Kansas City v. Stevens, 146 Mo. 460; Constitution, art. 5, sec. 8. (2) Fines for violating municipal ordinances and by-laws are matters of purely local municipal concern, and cities of over 100,000 population, like Kansas City, have power to say how these fines shall be made and remitted. Sec. 1840, R. S. 1889; sec. 1850. R. S. 1889; art. 9, sec. 16, Constitution; R. S. 1889, sec. 1841. (3) The power to pardon offenders who have violated city ordinances is not vested in the Governor of the State, but in the mayor of the city. And the term "pardon" has really no application to this kind of cases; as the violation of city ordinances is not an "offense" from the standpoint of the State Constitution. Art. 4, sec. 7, p. 49,

Kansas City Charter; art. 3, sec. 1, subd. 32, Kansas City
Charter; Kansas City v. Neal, 49 Mo. App. 72; Kansas
City v. Neal, 122 Mo. 234; Ex parte Hollwedell, 74 Mo.
395; Kansas City v. Clark, 68 Mo. 588; St. Louis v. Vert,
84 Mo. 204; De Soto v. Brown, 44 Mo. App. 148; Kirk-
wood v. Authenreith, 11 Mo. App. 515; Piper v. Boonville,
32 Mo. App. 138; Marshall v. Stanard, 24 Mo. 192.    (4)
It is the duty of the clerk of the criminal court to issue
executions and perform the same duties in the same way that
clerks of the circuit courts do.    2 R. S. 1889, p. 2207, sec.
9.    Circuit clerks are empowered to issue executions.    Sec.
3152, R. S. 1899.    And he can do this without an order
of court in ordinary cases, and even in the extraordinary
case of a judgment of the circuit court having been affirmed
by the Supreme Court, the circuit clerk can, even in that
extreme case, issue execution without an order of this court
or of the circuit court directing him so to do.

*Frank Titus* for respondent.

(1)    This court will not entertain proceedings of in-
ferior importance or involving questions of little or no im-
portance as affecting the rights of any person, or where the
validity of a law of the State is not questioned as in this
proceeding.    State ex rel. v. Jones, 142 Mo. 354; State ex
rel. v. Ross, 118 Mo. 23; State ex rel. v. Stone, 120 Mo.
428; State ex rel. v. St. Louis, 145 Mo. 551; State ex rel. v.
County Court, 64 Mo. 170.    (2)    Against this bond and the
sureties thereon the relator has ample remedy at law, if mal-
feasance or misfeasance has occurred to relator's damage.
State ex rel. v. Governor, 39 Mo. 388; High on Extraordi-
nary Leg. Rem., sec. 238; Goodwin v. Glazer, 10 Cal. 333.
(3)    By section 3243, R. S. 1889, it is provided that all
courts shall have power to issue all writs which may be neces-

sary in the exercise of their respective jurisdictions according to the principles and usages of law. That this power excludes any power of initiative on the part of a clerk to issue writs, or otherwise regulate or control legal process of a court independently of the court seems to be fully supported by judicial authority. Brewing Co. v. Talbot, 135 Mo. 170; Bryant v. Russell, 127 Mo. 422, 433; State ex rel. v. Rombauer, 104 Mo. 619, 627. (4) A judgment of a court of record having jurisdiction, releasing a defendant therein, is valid as against proceedings in mandamus even though the judgment is illegal.. High on Ex. Leg. Rem., secs. 188-191; Ex parte Jilz, 64 Mo. 205; Martin v. State, 12 Mo. 474; U. S. v. Ball, 163 U. S. 662. See note to Duchess of Kingston's case, 2 Smith Leading Cases (6 Am. Ed.), 657; Ex parte Secombe, 19 How. 915; State ex rel. v. Neville, 110 Mo. 345; Re Endyoin, 8 How. Pr. 478. The judgment has been fully acquiesced in by relator, and not excepted to in any way, at any time or by any person, during the term of the criminal court at which the same was rendered, and is therefore binding on relator who is presumedly cognizant of the judgment. State ex rel. v. McKee, 150 Mo. 238. That all presumptions of law are in favor of the judgment of a court of record in mandamus proceedings, see Huxley v. Harrold, 62 Mo. 523; State ex rel. v. McKee, 150 Mo. 241; State v. Wear, 145 Mo. 162; Ex parte O'Brien, 127 Mo. 477; Coffeey v. U. S., 116 U. S. 436. Mandamus will not lie to rescind an order of court. State ex rel. v. Byers, 67 Mo. 706; Reed v. Beech, 80 N. W. R. 985. Mandamus proceedings will not lie to correct errors of inferior tribunal. State ex rel. v. McKee, 150 Mo. 244; Dunklin Co. v. District, 23 Mo. 449. Nor will mandamus proceedings lie to attack judgments collaterally as is attempted by relator herein. State ex rel. v. Ross, 118 Mo. 45; Ex parte Toney, 11 Mo. 661. (5) Kansas City is not a political subdivision

of the State of Missouri with authority paramount to or exclusive of ordinary State government, but it is merely a territorial subdivision of the State. Northcutt v. Eager, 132 Mo. 273; Kansas City v. Neal, 122 Mo. 232. The Governor of the State has power to grant commutations and remissions of fines. Const., art. 5, sec. 8, sec. 4; sec. 3985, R. S. 1889. The powers of a Governor of a State will not be interfered with in mandamus proceedings. State ex rel. v. Stone, 120 Mo. 436; State ex rel. v. Governor, 39 Mo. 399; Bates v. Taylor (Tenn.), 3 Law Rep. Ann., 316. (6) The executive authority of the government vested in a governor is of co-equal importance with the other powers judicial and legislative, and when exercised as in the case at bar, releases the defendant, whose fine or judgment is by executive power remitted; and is a bar to all future proceedings under or based upon the judgment remitted or pardoned. Ex parte Garland, 4 Wall. 380; State v. Woolery, 29 Mo. 300; Ex parte Hunt, 10 Ark. 284; U. S. v. Athens Co., 30 Ga. 344; Blanchard v. State, 1st Wright (Ohio) 377; Ex parte Reno, 60 Mo. 267; Commonwealth v. Holloway, 44 Pa. St. 228. (7) The pardoning power is considered one of the most benign prerogatives of government and should not be questioned by the judicial branch of government save in the most extreme cases. Story on the Const., sec. 1494; Ex parte Garland, 4 Wall. 380; Pomeroy on Const. Law, sec. 682; The Federalist, No. 74; Montesquieu Spirit of Laws, 89; 4 Blackstone Com., 396, 402.

VALLIANT, J.—This is an original suit in which relator, Kansas City, seeks a writ of mandamus to require the defendant, who is the clerk of the criminal court of Jackson county, to issue an execution on a judgment in favor of relator against one E. A. Stevens.

It appears from the record that one Carrie Neal was

convicted and sentenced in the police court of Kansas City for violating a city ordinance, and appealed to the criminal court of Jackson county giving an appeal bond with E. A. Stevens as her surety. The cause came on for trial in the criminal court, which resulted, on September 3, 1890, in a conviction of Neal, sentence of a fine of $500 and judgment for that sum against her and her surety in favor of Kansas City. On appeal the judgment was affirmed by the Kansas City Court of Appeals [Kansas City v. Neal, 49 Mo. App. 72.] Then Stevens brought suit in equity to vacate it, which suit was decided against him in the circuit court, and on appeal that judgment was affirmed by this court. [Stevens v. Kansas City, 146 Mo. 460.] Then, upon the application of Stevens, the Governor of Missouri issued him a pardon purporting to remit the judgment as to him and relieve him of its burden. This document was presented to the criminal court of Jackson county, on January 19, 1899, and thereupon that court entered an order reciting the alleged pardon and declaring the judgment for that reason to be of no further force against Stevens. On the 23d of December, 1899, the plaintiff in the judgment, relator here, applied to the clerk of that court, the defendant here, to issue execution, which he refused, and thereupon the relator instituted this suit to compel him to do so. Defendant in his return pleads to the jurisdiction of this court, invoking the provisions of section 12, article 6, of the Constitution. This suit requires a construction of the provisions of section 8, article 5, of the Constitution in relation to the pardoning power of the Governor, and therefore on that ground this court has jurisdiction of the cause. But independent of that question, this court has jurisdiction. The power to issue original remedial writs, as they were known at common law, is conferred on this court by section 3, article 6, and is

entirely independent of the provisions of section 12 of the same article.

It is said in the return that this suit is not of sufficient importance to justify the attention of this court. When the judiciary is required to pass judgment on the validity of an act of a co-ordinate branch of the government, challenged as being in conflict with the Constitution, it exercises the very highest duty entrusted to it, and the most important.

The point is also made that the relator has other full remedy at law. The only remedy besides that here sought, is by suit on the clerk's official bond, which is far more dilatory, liable to more contingencies and therefore not as adequate as this.

The return states that the relator has too long delayed asking for this remedy, the judgment having been rendered in September, 1890, and the application for the execution having been delayed until December, 1899. The record, however, shows that during those years the judgment debtor was engaging the relator in litigation affecting the validity of the judgment and it was not until the decision of this court in December, 1898, in Stevens v. Kansas City, *supra*, that the relator was free to demand a *fieri facias* of his judgment. But the defendant as clerk of the court has nothing to do with that question; if the judgment creditor asks execution on his judgment within the period of the statute of limitations, it is no concern of the clerk's that the request may have been delayed, and for that matter it would be no defense on the part of the judgment debtor.

The return avers that it does not appear on the face of the alternative writ that the judgment has not been satisfied by the principal Neal; but that is a mistake of fact. It is averred in the writ that the judgment is in full force and unsatisfied.

The objections that the criminal court has not ordered

the execution to issue and that in January, 1899, it entered an order vacating the judgment are without force. The judgment itself is an order for its execution, and after the term has passed, it is beyond the power of the court to vacate it.

The objections urged against the validity of the judgment have all been ruled upon in favor of the relator by this court and by our Kansas City Court of Appeals in the cases above cited.

There remains but one question for us to decide, and that is in relation to the validity of the alleged executive pardon.

The judgment was for a fine imposed under and for violation of a city ordinance. The suit arose in a city court and came by appeal into a State court. It involved no question of a violation of a law of the State. It was in effect and in form a judgment for the recovery of five hundred dollars in favor of Kansas City, and in which the State had no interest whatever. We have been referred to no case as a precedent for authority in a Governor to pardon one convicted of violating a city ordinance, and in a search made by us we have found none. We find authority for the general proposition that the pardoning power of the State executive reaches only to matters in which the State is interested. [Pomeroy Const. Law, sec. 682; Shoop v. Commonwealth, 3 Pa. St. 126.] But if the precise question in this case has ever been decided, we have not seen the decision.

Under our Constitution the pardoning power is conferred in section 8, article 5, in these words: "The Governor shall have power to grant reprieves, commutations and pardons, after conviction, for all offenses, except treason and cases of impeachment, upon such condition and with such restrictions and limitations as he may think proper, subject to such regulations as may be provided by law relative to the

manner of applying for pardons. He shall, at each session of the General Assembly, communicate to that body each case of reprieve, commutation or pardon granted, stating the name of the convict, the crime of which he was convicted, the sentence and its date, the date of the commutation, pardon or reprieve, and the reason for granting the same."

The term "offenses" as there used, means violations of State laws; the context forbids any other interpretation. That there is a well-recognized distinction between the nature of offenses which consist in violation of city ordinances and of those which consist in the violation of a State law is pointed out in Dillon on Municipal Corporations (4 Ed.), sec. 429, and the nature of the proceeding to recover the fine or penalty for violating an ordinance, and the character of court in which the proceeding may be had is shown. The nature of the proceeding and the character of the judgment, is also shown in Stevens v. Kansas City, above referred to. The section of the Constitution conferring this power, requires the Governor to communicate to the General Assembly every act of his under that section "stating the name of the convict, the crime for which he was convicted," etc. That language clearly indicates that the framers of the Constitution had in mind only offenses against the State law.

In this instance the Governor did not pardon the person who had violated the ordinance but only essayed to remit the penalty in so far as it was a judgment against the surety. But even if the so-called pardon had extended to the "convict," it would have been invalid. The Governor of the State can pardon only those who are convicted of the violation of State laws. The pardon pleaded in the return is invalid.

The peremptory writ is awarded as prayed.

All concur.