CASE 72—ACTION BY THE CITY OF PARIS AGAINST E. T.
HINTON, JUDGE, AND OTHERS.—March 10, 1909.

# City of Paris v. Hinton, Judge, &c.

Appeal from Bourbon Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for defendants. Plaintiff appeals—Reversed.

Pardon—Authority of Governor to Pardon.—Const. sec. 77, pro-
vides that the Governor shall have power to grant pardons,
but "he shall have no power to remit the fees of the clerk,
sheriff, or commonwealth's attorney in penal or criminal
cases." Section 79 provides 'that the Governor shall from
time to time give to the General Assembly information of the
state of the commonwealth, and recommend such measures
as he may deem expedient. Section 81 provides that the Gov-
ernor shall take care that the laws be faithfully executed.
Ky. St. 1909, sec. 3499 (Russell's St. sec. 1556), provides that
the mayor or chief executive of a city of the fourth class
shall see that the laws and ordinances of the city are duly
enforced. Section 350 (section 1557) provides that the mayor
or chief executive, with two councilmen selected by the city
council, may remit or suspend the imprisonment portion of
any sentence and the fine imposed, when such punishment
shall have been imposed for violation of any ordinance. Held,
that the Governor has no authority to pardon one convicted
of a violation of a city ordinance of a municipality of the
fourth class.

WM. GRANNAN and JAS. M. O'BRIEN for appellant.

POINTS AND AUTHORITIES.

1. Power of the Governor to pardon limited to offenses against

City of Paris v. Hinton, Judge, &c.

the laws of the State. (Ky. Const. sec. 77; American & Eng. Ency. of Law, 2d Ed., vol. 24, p. 574; V. S. v. Wilson, 7 Pet. 159; Ex Parte Wells, 18 How. 307; People v. Bowen, 13 Amer. Rep. 148; Lee v. Murphy, 12 2Amer. Rep. 563; Edwards v. Comth., 49 Amer. Rep. 380; Amer. & Eng. Ency. of Law, vol. 20, p. 1131; Abbott on Municipal Corporations, sec. 7; Dillion on Municipal Corporations, 4th Ed., sec. 20; Ky. Stats., sec. 3157, 3526; Berry v. Sheehan, 87 Ky. 436; Comm. v. Spraggins, 18 B. Mon. 511; Williams v. Shelbourne, 19 Ky. Law Rep. 1924; Amer. & Eng. Ency of Law, vol. 24, p. 572; In Re Nevin, 117 Fed. Rep. 459; Ex Parte Garland, 4 Wall, 333; Cope v. Comm., 28 Penn St. 303; Amer. & Eng, Ency. of Law, vol. 24, p. 569; State ex rel. Kansas City v. Renick, 157 Missouri, 292; Ky. Const. sec. 28; Ky. Stats., sec. 3500.)

2. Even if the Governor has the authority to pardon for violations of municipal ordinances, the pardon granted in this case is void because, before it was granted, the judgment had been satisfied. (Rucker v. Bosworth, 30 Ky. 645; Comm. v. Merrigan, 8 Bush 131; Chitty v. Glenn, 3 T. B. Mon. 424; Harrison v. Wilson, 2 A. K. Marshall 547; Hannah v. Guy, 3 Bush 91; Ettlinger v. Tansey, 17 B. Mon. 364; Gray v. Merrill, 11 Bush 633; Kouns v. Bank of Kentucky, 2 B. Mon. 303; Hoskins v. Parsons, 1 Met. 251; 23 Cyc. 1475.)

McMILLAN & TALBOTT for appellees.

## AUTHORITIES CITED.

1. Second, third and present Constitution of Kentucky as to pardons.

2. Executive and contemporaneous construction. See instances cited in brief of pardons issued by the Governors of Kentucky for fines and punishments imposed by police or city courts.

3. Judicial construction. (See Routt v. Feemster, 7 J. J. Mar. 132; Com. v. Bush, 2 Duvall, 265.)

4. As to pardon being void because the debt was replevied. (Note to Lawyers' Rep. Annotated, Vol. 15, 395; Baldwin v. Scoggin, 15 Ark. 427; Re Flournoy, 1 Ga. 606; Parrott v. Wilson, 51 Ga. 255; Com. v. Schick, 61 Pa. 495; Com. v. Denniston, 9 Watts 142; Com. v. Bush, 2 Duvall 265; Brown v. U. S., McCahon, 292; Woolw. C. C. 198; Skaggs v. Hines, 44 Ky. Law Rep. 994 Same, Ky. Law Rep. 106.)

5. Granting to the city was subject to the right of the defendant

to appeal to the Governor for executive clemency.     (Routt v. Feemster, 7 J. J. Mar. 132.)

· OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The question arising on this record is whether or not the Governor of the commonwealth of Kentucky may legally pardon one who has been convicted in the police court of a city for an infraction of a municipal ordinance, or remit the fine imposed.  The power to pardon offenses and remit fines is given to the Governor by section 77 of the Constitution, which is as follows: "He shall have power to remit fines and forfeitures, commute sentences, grant reprieves and pardons, except in case of impeachment, and he shall file with each application therefor a statement of the reasons for his decision thereon, which application and statement shall always be open to public inspection.  In cases of treason, he shall have power to grant reprieves until the end of the next session of the General Assembly, in which the power of pardoning shall be vested; but shall have no power to remit the fees of the clerk, sheriff, or commonwealth's attorney in penal or criminal cases."  The following sections of the Constitution seem, also, to bear upon the subject in hand:

"Sec. 79. He shall from time to time give to the General Assembly information of the state of the Commonwealth, and recommend to their consideration such measures as he may deem expedient."

"Sec. 81. He shall take care that the laws be faithfully executed."

There is no intimation in any of these sections of

the Constitution that the Governor has any duty
with reference to the enforcement of the local laws of
a municipal corporation, and we see no reason which
requires us to extend the meaning of the words used
in them to embrace the enforcement of municipal
ordinances or so as to give him the power to pardon
infractions of them. On the contrary, some of the
words used in section 77 seem to restrict the pardon-
ing power of the Governor to infractions of the state
laws. The last sentence of section 77 is as follows:
"* * * But he shall have no power to remit the
fees of the clerk, sheriff, or commonwealth's attor-
ney in penal or criminal cases." Now, neither the
sheriff nor the commonwealth's attorney has any-
thing to do with the enforcement of municipal ordi-
nances, and therefore they could not have an interest
in the fines or penalties. Municipal corporations
usually have an officer called the marshal or bailiff,
and a city attorney, whose duties are in part the en-
forcement of the ordinances of the city. And these
officers usually have an interest in the fines and
penalties; but, if the Governor may pardon those
convicted of infractions of municipal ordinances, he
is not prohibited by the Constitution from releasing
or remitting the fees due the marshal or bailiff or
city attorney. No good reason can be given for such
invidious distinction, and we think the fact that the
framers of the Constitution so particularly guarded
the rights of the officers interested in the fines or
penalties for infractions of state laws without a sim-
ilar protection being extended to the interests of
municipal officers shows that it was not contemplated
that the Governor should have any pardoning power
of infractions of municipal ordinances.

Paris is a city of the fourth class, and section 3499, 3500, Ky. St. (Russell's St. sections 1556, 1557), which relate to the charter of cities of that class, are as follows:

"Sec. 3499. The mayor or chief executive shall see that the laws and ordinances of the city are duly enforced and observed, and are faithfully executed. He may require information, in writing, from all officers of the city upon any subject relating to the duties of their respective offices.

"Sec. 3500. The mayor or chief executive may, with two councilmen selected by the city council, at their first regular meeting in each fiscal year, upon due investigation and in the exercise of a sound discretion, remit or suspend the imprisonment portion of any sentence, and the fine when the defendant is confined for nonpayment of the fine, when such punishment shall have been imposed for violation of any ordinance."

Now, of course, these sections are invalid if they are in contravention of section 77 of the Constitution; but the fact that they impose upon the mayor the duty of enforcing all city laws and establish a board for the remission of fines and penalties is a legislative construction that section 77 of the Constitution does not give to the Governor the power to remit fines inflicted for infractions of municipal ordinances. The very question we have here arose in the case of State v. Renick, 157 Mo. 292, 57 S. W. 713. In that case one Carrie Neal had been convicted and sentenced in the police court of Kansas City for violating a city ordinance, and a fine of $500 inflicted upon her. This fine the Governor of the state of Missouri sought to remit. The Constitution of the state of

Missouri authorizing the pardoning of offenses by the Governor is substantially the same as ours. It was there held that the Governor of the state can pardon only those who are convicted of violations of state laws, and that his pardon of Carrie Neal was invalid. To the same effect is Shoop v. Commonwealth, 3 Pa. 126. In 24 Am. & Eng. Encyc. of Law, p. 569, the rule is thus stated: "The pardoning power of a Governor of a state or territory is confined in its operation to offenses against the laws of that state or territory. It does not include an offense against the laws of the United States, since such an offense is solely within the pardoning power of the President. Neither does it include an offense against a municipal corporation, such, for instance, as the violation of a city ordinance." We have been referred to no authority extending the power of a Governor of a state to pardon offenses other than infractions of state law, and we believe none exists.

Appellees rely in their brief upon the doctrine of contemporaneous construction as authorizing the Governor to pardon violations of municipal ordinances. They cite in their brief various instances where the Governors of the state have pardoned persons punished in the police courts of the municipalities of the commonwealth. We do not attach the same importance to the exercise of this power by the Governors as do appellees. An examination of the instances cited shows, however, that the pardons were granted for infractions of state laws, and not of municipal ordinances. It is true, the judgments against the defendants were inflicted in the police courts of the various municipalities, but the offenses were violations of state laws, and most of the in-

stances ere for violations of the statute against carrying concealed deadly weapons.

We are of opinion, both upon reason and authority, that the Governor in this case had no authority to pardon the defendant, who had been convicted of a violation of a city ordinance of the municipality of Paris, and that his pardon was invalid.

The judgment is reversed for proceedings consistent with this opinion.