## C. B. ALLEN *v*. T. J. McGUIRE.

[57 South. 217.]

1. CONSTITUTIONAL LAW.   *Pardon.   Constitution* 1890, *section* 124, *Code* 1906, *section* 3384.

Section 124, Constitution 1890, confiding to the governor the power to grant reprieves and pardons and remit fines, etc., has no application to punishments imposed by virtue of municipal ordinance; it only applies to violations of state laws.

2. SAME.

Section 3384, Code 1906, providing that the mayor shall have power to remit fines, etc., for offenses against the ordinances of the municipality by and with the consent of the board of aldermen, etc., is not violative of section 124, of the Constitution of 1890, as interfering with the constitutional power of pardon committed to the governor.

3. SAME.

The governor has no power under the Constitution to pardon for violations of municipal ordinances.

APPEAL from the chancery court of Hinds county.
HON. G. G. LYELL, Chancellor.

*Habeas corpus* by T. J. McGuire against C. B. Allen, city Marshal, to obtain release from imprisonment under sentence for a violation of a city ordinance. From an order releasing petitioner C. B. Allen appeals.

The facts are fully stated in the opinion of the court.

*Louis C. Hallam,* city prosecuting-attorney, for appellant.

It is admitted by appellant that all the requirements of section 3384, Code 1906, were fully complied with, and the only question presented by this record for decision is the constitutionality of that section. The demurrer assigns that this section of the Code is violative of section 124, Constitution of 1890, which reads as follows:

"In all criminal and penal cases, except those of treason and impeachment, the governor shall have power to grant reprieves and pardons, to remit fines, and in cases of forfeiture, to stay the collection until the end of the next session of the legislature, and by and with the consent of the senate to remit forfeitures, . . ." etc.

Section 3384, Code 1906, reads as follows:

"Remit fines, etc. The mayor shall have the power to remit fines and forfeitures, and to vacate and annul penalties of all kinds, for offenses against the ordinances of the municipality, by and with the consent of the board of aldermen; but a fine or penalty shall not be remitted or annulled unless the reasons therefor be entered on the minutes by the clerk, together with and as a part of the order so doing."

Is section 3384, Code 1906, an invasion of the power of the governor? In order to answer this question it is necessary to define the "power of the governor," and in order to do this it is necessary to ascertain the full significance of the language "in all criminal and penal cases," employed in section 124, Constitution of 1890. There can be no doubt that this language embraces every criminal or penal case arising under state laws. In deciding whether the legislature could delegate to the board of supervisors of a county the power to discharge from custody a prisoner who has not served his full sentence but who is "unable to labor from bodily infirmity apparently permanent," this court has recently said:

"It is claimed on the part of the state that the above section of the act violates section 124 of the Constitution of the state, in that it constitutes a pardon by the board of supervisors, a power which is exclusively delegated to the governor. We do not deem it necessary to set out here the section of the Constitution above referred to, further than to say that it is provided therein that in all criminal and penal cases, except treason and impeachment, the governor shall have the power to grant re-

prieves and pardons, to remit fines, etc. An examination, of this section of the Constitution convinces us that section 3, page 105, of the acts of 1908, is an invasion of the power of the governor, and the section in question is unconstitutional. The sole power to pardon is confided by the Constitution to the governor, and cannot be delegated elsewhere by the legislature. 8 Cyc. 829.'' *State* v. *Kirby,* 51 So. 811.

*Potter & Hindman,* for appellee.

The only question presented by this record for decision is the constitutionality of section 3384, Code 1906. Whether this section conferring the power on the mayor, with the consent of board of aldermen, ''to remit fines and forfeitures and to vacate and annul penalties of all kinds against the ordinances of the municipality,'' violates section 124, Constitution 1890, which reads as follows: ''In all criminal and penal cases, excepting those of treason and impeachment, the governor shall have power to grant reprieves and pardons, to remit fines, and in cases of forfeiture, to stay collection until the end of the next session of the legislature and by and with the consent of the senate to remit forfeitures,'' etc.

*State* v. *King,* 51 So. 811, can have no possible bearing on this case. That case involved the question of the constitutionality of a statute conferring the power of pardon under certain circumstances on the boards of supervisors. The statute was held to violate section 124 of the Constitution conferring on the governor the sole power of pardon, but county convicts are sentenced for the violation of *state laws* and the Constitution had in view the violation of state laws, *not* the violation of municipal ordinances.

The entire scheme of state and municipal offenses are as distinct as the scheme of state and federal offenses. As pointed out by the counsel for appellant section 169 of the Constitution provides that the style of all process

shall be "The state of Mississippi," and prosecutions shall be carried on in the name and by the authority of the "state of Mississippi," and all indictments shall conclude against the peace and dignity of the state. This section is held to refer to violations of state laws and not violations of municipal ordinances. *Alexander* v. *Town Council,* 54 Miss. 659; *Love* v. *State,* 8 So. 465; *Johnson* v. *State,* 59 Miss. 543. It is held that a conviction of an offense under a municipal ordinance is not a bar to a prosecution by the state for the same act. Text, 24 Am. & Eng. Ency. Law, 24, p. 569. "The pardoning power of a governor of a state or territory is confined in its operation to offenses against that state or territory. It does not include an offense against the laws of the United States, since such an offense is solely within the pardoning power of the president; neither does it include an offense against a municipal corporation, for instance, as a violation of a city ordinance." Citing *State* v. *Remick,* 157 No. 292; *Sharp* v. *Com.,* 3 Pa. St. 126.

MAYES, C. J., delivered the opinion of the court.

In August, 1911, T. J. McGuire was convicted in the court of the police justice of the city of Jackson of a violation of the municipal ordinances, and given a jail sentence of thirty days and fine of one hundred dollars and costs. Subsequently, acting under section 3384 of the Code of 1906, the mayor and board of aldermen of the city remitted sixteen days of the jail sentence of McGuire on condition that he pay the fine and costs. It is indicated that the fine and costs were paid, but the city marshal refused to grant McGuire a release in accordance with the direction of the mayor and board of aldermen. The contention of the marshal is that the statute authorizing the mayor and board of aldermen to remit any part of any sentence imposed for a violation of the ordinances of the town is void, because it conflicts with the power of pardon exclusively committed to the governor

of the state by section 124 of the Constitution of 1890 of the state. A writ of *habeas corpus* was applied for by McGuire, and was heard. The chancellor ordered the release of McGuire, and from this judgment an appeal is prosecuted to this court.

Section 3384 of the Code provides as follows: "The mayor shall have power to remit fines and forfeitures, and to vacate and annul penalties of all kinds, for offenses against the ordinance of the municipality, by and with the consent of the board of aldermen; but a fine or penalty shall not be remitted or annulled unless the reasons therefor be entered on the minutes by the clerk, together with and as a part of the order so doing." Counsel prosecuting this appeal for the marshal concedes that section 3384 was complied with in every particular, and we accept the concession of the marshal's counsel on this point, though the record indicates that the mayor commuted the sentence in August and the board acted on the matter in September. Section 3384 of the Code clearly contemplates that the consent of the board of aldermen shall be obtained before the remission can become effective. But, as stated, it seems to be conceded in this record, and we shall accept it as true, that section 3384 was complied with, and this consent of the board of aldermen obtained prior to any effect given the remission by the mayor of any part of the sentence.

It seems to be well settled that section 124 of the Constitution, confiding to the governor the power to grant reprieves and pardons and to remit fines, etc., has no application to punishments imposed by virtue of municipal ordinances. In the case of *City of Paris* v. *Hinton et al.*, 132 Ky. 684, 116 S. W. 1197, 19 Am. & Eng. Ann. Cas. 114, and note, is found the best discussion of this subject that we have been able to find. It is held in the above case, citing numerous authorities, that the governor of a state has no authority to pardon or remit a fine imposed on one who has been convicted in a munici-

pal court of violating a municipal ordinance. The power given to the governor to pardon contemplates that he shall have this power only in regard to infraction of state laws, and not municipal ordinances. Of course, the legislature can confide the power to the governor to pardon for offenses against municipal ordinances; but, until it has done so, he has no such power under the Constitution. This question is so ably discussed in the authorities above cited that any attempt on our part to add any. thought to what has already been said would be futile and a waste of time.     *Affirmed.*