JEFFERSON, County Clerk, v. McFADDIN.
(No. 6932.)

(Court of Civil Appeals of Texas. Galveston. May 25, 1915. Rehearing Denied June 30, 1915.)

1. APPEAL AND ERROR ⬥758—BRIEFS—RULES OF COURT.

A brief of appellant not complying with that part of rule 29 for the Courts of Civil Appeals (142 S. W. xii) providing that the assignments, as presented in the brief, shall be numbered consecutively, or with rules 24 and 25 (142 S. W. xii), relating to assignments of error and specifications of error, does not call for consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. ⬥758.]

2. DRAINS ⬥14 — ESTABLISHMENT OF DISTRICT—RECOVERY OF DEPOSIT.

Plaintiff who did not sign a petition for the establishment of a drainage district, but who, at the request of signers thereto, deposited with the clerk of the commissioners' court the $200 required by Rev. St. 1911, art. 2602, to be deposited on the filing of the original petition, to be held until the result of the election, and, if the result be in favor of the establishment of a district, to be returned to the signers of the original petition or their agent or attorney, after an election in favor of establishing the district was entitled to its return; and the fact that plaintiff was attempting to have the election set aside, and to prevent the issue and sale of the bonds authorized thereby, so as to make it impossible for the district to pay the costs incurred by it to the clerk, was no excuse for the clerk's diversion of the deposit to the payment of costs incurred by the district.

[Ed. Note.—For other cases, see Drains, Cent. Dig. §§ 5, 6; Dec. Dig. ⬥14.]

3. INJUNCTION ⬥1—PURPOSE OF WRIT.

The purpose of a writ of injunction is to enforce the performance of a duty clearly defined by law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 1; Dec. Dig. ⬥1.]

4. MANDAMUS ⬥105—SUBJECTS OF RELIEF—ACTS OF PUBLIC OFFICERS.

Mandamus is the proper remedy to compel a public officer to perform an act enjoined in the manner required by law, and lies to compel the clerk of the commissioners' court to return a deposit made with the original petition for the establishment of a drainage district, in accordance with the provisions for its return; and the fact that the depositor had a legal remedy at law to recover it, or that he had a remedy upon the official bond of the clerk, did not necessarily require him to resort to such remedy.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 223; Dec. Dig. ⬥105.]

5. MANDAMUS ⬥151—ACTS OF PUBLIC OFFICERS—CLERK OF COMMISSIONERS' COURT—RETURN OF DEPOSIT.

Rev. St. 1911, art. 2602, provides that, when the original petition for the establishment of a drainage district is filed with the county commissioners' court, it shall be accompanied by $200 deposited with the clerk, to be held until after the result of the election for the creation of the district has been declared, and, if the election is in favor of the establishment of the district, to be returned to the signers of the original

petition or to their agent or attorney. The petition in mandamus to compel the clerk to return such deposit alleged that certain named persons were the signers of the petition for the establishment of the district, and that the deposit was made by plaintiff at their request and for them, but did not allege that he was their agent or attorney, and the answer alleged that the deposit was the property of the signers of the petition. *Held,* that mandamus to compel its return, as provided by statute, would not lie, where the signers to the original petition for the establishment of the district were not joined as respondents, as the court, in their absence, could not adjudicate, so as to protect the clerk against any demand which they might thereafter make against him.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 291, 292; Dec. Dig. ⊜⇒151.]

Appeal from District Court, Jefferson County; John M. Conley, Judge.

Mandamus by W. P, H. McFaddin against J. R. Jefferson, County Clerk. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Barry & Burges, of Beaumont, for appellant. F. J. & C. T. Duff and Herbert W. Reed, all of Beaumont, for appellee.

LANE, J. On or about the 15th day of October, 1913, Ivy James and other citizens of Jefferson county, Tex., filed a petition with the commissioners' court of said county, praying for the establishment of a drainage district. Upon said petition, on the 10th day of February, 1914, an election was duly ordered and thereafter held, and resulted in the establishment of said district, known as drainage district No. 4. The original petition for said election was filed with J. R. Jefferson, county clerk of Jefferson county, and ex officio clerk of the commissioners' court of said county, as required by law. When said petition was filed with said clerk, W. P. H. McFaddin deposited $200 in cash with him to meet the requirements of article 2602, Revised Statutes of 1911, which is as follows:

"All expenses, debts, and obligations, after the filing of the original petition, necessarily incurred in connection with the creation, establishment and maintenance of any drainage district organized under the provisons of this chapter, shall be paid out of the construction and maintenance fund of such drainage district, which fund shall consist of all money received by said district from whatever source, except such portion of the tax collection necessary to be applied to the sinking fund and payment of interest on the drainage bonds: Provided, that should the proposition of the creation of such drainage district and the issuance of bonds be defeated at the election called to vote upon the same, then all expenses up to and including said election shall be paid in the following manner: When the original petition praying for the establishment of a drainage district is filed with the county commissioners' court, it shall be accompanied by two hundred dollars in cash, which shall be deposited with the clerk of said commissioners' court, and by him held until after the result of the election for the creation of said drainage district has been declared and entered of record by the commissioners' court, as hereinbefore provided, and, should the result of said election be in favor of the establishment of said district, then the said two hundred dollars shall be by said clerk returned to the signers of said original petition or their agent or attorney; but should the result of said election be against the establishment of said drainage district, then the said clerk shall pay out of the said two hundred dollars, upon vouchers signed by the county judge, all costs and expenses pertaining to the said proposed drainage district up to and including the said election, and shall return the balance, if any, of said two hundred dollars to the signers of said original petition or their agent or attorney."

After said election had been held, which resulted in the establishment of said district No. 4, and after said commissioners' court had duly entered an order declaring the result of said election as favoring the establishment of said district, etc., W. P. H. McFaddin requested and demanded of said clerk the return to him of the said $200 so deposited by him with said clerk, which request and demand said clerk at all times refused.

On the 29th day of August, 1914, appellee McFaddin presented his application to the Honorable John M. Conley, judge of the Sixtieth judicial district court, praying for a writ of mandamus, to compel said clerk to deliver to him (said McFaddin) the said $200 so deposited by him with said clerk.

It is alleged in plaintiff's petition that Ivy James, W. A. Coward, S. E. Broussard, and others, by name, were the signers of said petition for the establishment of said drainage district No. 4, and that at the instance and request, and for the signers of said petition, he had deposited the said $200 in question with the said clerk. Upon the presentation of plaintiff's said petition to Judge John M. Conley, he made the following order, to wit:

"State of Texas, County of Jefferson.

"The above and foregoing petition for writ of mandamus having been presented to me, and I having duly considered the same, order that said application for said writ of mandamus be set down for hearing before me, at the courthouse in Jefferson county, Texas, at 10 o'clock a. m., Tuesday, September 1, 1914, at which time and place the defendant J. R. Jefferson is required to appear and show cause, if any he has, why said writ should not be granted as prayed for. The clerk of the district court is directed to issue notice to the defendant herein of the order herein made.

"Beaumont, Texas, August 29, 1914.
                    "John M. Conley, Judge."

On September 14, 1914, after notice of the court's order had been served upon J. R. Jefferson, defendant herein, he filed his answer and therein excepted to plaintiff's petition as being insufficient in law to entitle him to the relief prayed for, because it is made to appear therefrom that said Ivy James, W. A. Coward, S. E. Broussard, and others were the petitioners for said drainage district; that said McFaddin was not one of said petitioners; and that there is no allegation in said petition that said McFaddin is the agent or attorney of or for said James and others, and that it appears from said petition that said Ivy James and others are the owners of

said $200, and that said McFaddin is not the owner thereof.

Answering the merits of plaintiff's petition, defendant says that said $200 deposited with him was a deposit by the petitioners for the drainage district, and that, in making said deposit, the said McFaddin acted in the capacity of agent or messenger for said signers of said petition, and not for himself, and that his agency extended no further than to make such actual deposit; that, if McFaddin advanced said money to said signers, it was a loan or advancement to said signers and not to defendant, and that defendant does not know McFaddin in the transaction; that plaintiff can in no event recover said $200 so deposited, because he (defendant) has paid all of the same on costs incurred in establishing said drainage district; that he has good reason to believe that the signers of said petition for said drainage district do not desire that said $200 be paid out by him until after the sale of the bonds of said district; that he has good reason to believe McFaddin contemplates attempting to prevent the sale of the bonds of said district; that he is contending that the election creating said district was illegal, and that bonds issued thereunder are not lawfully issued and cannot be sold, etc.; and that, if said bonds are not sold, defendant will suffer a loss of $200 without fault on his part. He further alleges he and his sureties are solvent, and that, if McFaddin is entitled to the $200 so deposited with him, he can recover same by suit at law, and is therefore not entitled to the equitable relief prayed for. There are also further matters of defense alleged not necessary to be stated.

Plaintiff McFaddin by supplemental petition pleaded: (1) General demurrer; (2) special exception to all parts of defendant's answer wherein it is alleged that defendant has paid out said $200 deposited with him, and that it is not now in his possession, and to so much of said answer as alleges that the signers of said petition for said drainage district did not want the said $200 paid to plaintiff, and to so much of said answer as alleges what the said McFaddin intended to do in an attempt to have said election declared void, and to so much of said answer as alleges that defendant has paid out and expended the said $200 deposited with him.

The court overruled all demurrers and exceptions of defendant to plaintiff's petition and sustained all the special exceptions of plaintiff to defendant's answer.

Upon trial before the court the following judgment was rendered:

"And it further appearing to the court that the McFaddin, Wiess & Kyle Land Company has intervened and agreed and consented that the $200 deposited by relator, may be paid and returned to relator, W. P. H. McFaddin, and it further appearing to the court that the said Ivy James, W. A. Coward, S. E. Broussard, Thomas Lytle, C. H. Spurlock, H. C. Jones, P. H. Teal, and C. F. Jackson, signers of the original petition praying for the establishment of drainage district No. 4, have no interest in or title to the $200 in controversy, and described in relator's petition, it is therefore considered by the court that the said W. P. H. McFaddin is entitled to the money in controversy, to wit, $200, deposited with the clerk and described in relator's petition; and it is further considered that the said J. R. Jefferson, county clerk of Jefferson county, Tex., and ex officio clerk of the commissioners' court of said county, respondent, ought to pay over the same to relator. It is therefore ordered, adjudged, and decreed as follows: That J. R. Jefferson, county clerk of Jefferson county, Tex., and ex officio clerk of the commissioners' court of said county, pay over and return to the relator, W. P. H. McFaddin, the sum of $200, and that the costs of this suit be assessed against the said J. R. Jefferson, county clerk of Jefferson county, Tex., and ex officio clerk of the commissioners' court of said county, for which the clerk of this court may have his execution."

As an explanation of the first section of the judgment of the court copied above, we make this further statement: After the trial had begun, the evidence disclosed that plaintiff. McFaddin was president and general manager of the McFaddin, Wiess & Kyle Land Company, and that the $200 deposited with defendant by McFaddin was money belonging to said company. Whereupon said company was permitted to intervene and did intervene in the suit and, without alleging any interest in the money so deposited, agreed that such deposit might be paid to W. P. H. McFaddin.

[1] The brief of appellant does not comply with that part of rule 29 for the Courts of Civil Appeals (142 S. W. xii) which provides that:

"The assignments as presented in the brief shall be numbered from the first to the last in their consecutive order."

Nor does it comply with rules 24 and 25 for said courts (142 S. W. xii), and for these reasons should not call for consideration. However, we will consider the matters complained of without undertaking to follow the assignments in the form in which they are presented in appellant's brief.

[2] The undisputed facts show a petition for drainage district No. 4 in Jefferson county, Tex., by Ivy James and others, and that W. P. H. McFaddin, appellee, was not a signer of said petition; that, at the request of said signers of said petition, said McFaddin deposited $200 of the funds of the McFaddin, Wiess & Kyle Land Company, of which company he was president and general manager, with J. R. Jefferson, appellant; that such deposit was made for the signers of said petition to meet the requirement of article 2602, supra; that said Jefferson was clerk of the commissioners' court of Jefferson county and accepted such deposit for the signers of said petition in his official capacity; that an election was duly and legally ordered and held under said petition and resulted in favor of the establishment of the drainage district petitioned for; that plaintiff McFaddin, after the result of said election had been declared by the

commissioners' court, requested and demanded of said ·J. R. Jefferson that he repay to him the $200 so deposited with him by said McFaddin, and that said Jefferson refused to repay said money.

From the foregoing findings it is clearly apparent that appellant Jefferson was in possession of the $200 deposited with him by McFaddin in his official capacity, and under the provisions of article 2602, supra, he is required to return the same to the signers of the petition for the drainage district, or their agent or attorney; that he had no right or authority to expend it for any purpose, except as provided by law; and that in contemplation of law he still has it on hand and cannot be heard to say that he has expended it for any purpose, except as provided by said article 2602. It is also clear that the contention of appellant that McFaddin was attempting to have the election set aside, and to prevent the issuance and sale of the bonds authorized by said election, and thereby make it impossible for said drainage district to pay the costs incurred by it to appellant, furnishes no excuse for appellant's unlawful attempt to divert the $200 · deposited with him to the payment of the costs incurred by said drainage district, which was largely due to him. The law has provided how such costs shall be paid, and appellant is not authorized to seize money deposited with him to secure the payment of such costs only in the event the result of the election held was against the establishment of said drainage district.

We are therefore clearly of the opinion that, in, contemplation of law, appellant still has said $200 in his possession, and, when proper demand is made upon him, he will be required to pay same to the parties entitled thereto under the law. But the real and only material questions presented by this appeal are: First. Can the owner of the $200 deposited with appellant recover said money by mandamus proceedings, or must he bring suit in a court of competent jurisdiction to recover same? Second. Since it is provided by said article 2602, Revised Statutes 1911, that the money so deposited with said clerk shall be "returned to the signers of the petition, their agent or attorney," can McFaddin, who actually made the deposit, recover said money by proceeding by mandamus without bringing the signers of the petition before the court so as to have them bound by the judgment rendered, or without alleging and showing that he sues as agent or attorney for said signers?

[3, 4] The purpose of the writ of mandamus is to enforce the performance of a duty clearly defined by law; and where a positive official duty is enjoined by law upon an officer, as in this case, mandamus is the proper remedy to compel such officer to do and perform the act enjoined in the manner required by law. That the owner of the money deposited has a legal remedy at law to recover said money does not necessarily require that he must resort to such remedy.

"Ministerial officers may be compelled to exercise their function according to law by mandamus, even though the party has another remedy against them by action for neglect of duty. And, as a development of this rule, it is held by the weight of authority that mandamus will lie, although the party may have also a remedy upon the official bond of a ministerial officer." 26 Cyc. 172; Bailey v. Aransas County, 46 Tex. Civ. App. 547, 102 S. W. 1159; 26 Cyc. 161; State v. Renick, 157 Mo. 292, 57 S. W. 713; Bell v. Thomas, 49 Colo. 76, 111 Pac. 76, 31 L. R. A. (N. S.) 664; Fremont v. Crippen, 10 Cal. 211, 70 Am. Dec. 713.

We think the authority of the trial judge to issue the writ of mandamus to compel appellant to pay the $200 deposited with him to those entitled to same as provided by law is supported by the great weight of authority, and therefore the first question should be answered in the affirmative, but the second question presents a more serious matter.

[5] The law requires the clerk to return the money deposited with him, as in this case, to the signers of the petition for the election, or to their agent or attorney. This is the ministerial duty enjoined upon him by law which the signers of the petition may enforce by mandamus, either in person or by their agent or attorney; but where, as in this case, appellee has alleged in his petition that Ivy James and other persons named therein were the signers of the petition, and that the deposit of the $200 was made by him at their instance and request and for them, and nowhere alleges that he is the agent or attorney for them, but sues in his own right, without making said signers parties to the suit, and where appellant has answered, alleging that the money so deposited by appellee is the property of the signers of the petition, who are not parties to the suit, and not the property of appellee, the writ of mandamus should not have been issued, and we think the court erred in not sustaining appellant's general exception to appellee's petition. Where it is alleged by both plaintiff and defendant, as in this case, that some third person, not a party to the suit, is adversely interested in the subject-matter, to plaintiff, which adverse interest might be affected by the judgment to be entered, such third person must be joined as respondent in a mandamus proceeding, without regard to 'the validity of their claim, which the court cannot, in their absence, adjudicate, so as to protect defendant against any demand which might thereafter be made by said third person against him. City of Austin v. Cahill, 99 Tex. 189, 88 S. W. 542, 89 S. W. 552; Chappell v. Rogan, 94 Tex. 492, 62 S. W. 539; Powell et al. v. People ex rel. Hedrick, 214 Ill. 475, 73 N. E. 795, 105 Am. St. Rep. 117, 2 Ann. Cas. 551; Horton v. Crawford, 10 Tex. 382.

What has been said disposes of all the issues presented by this appeal; and for the error of the court in refusing to sustain appellant's exception to appellee's petition on

the grounds that it appears therefrom that Ivy James and others were the signers of the petition for the election, that the plaintiff was not a signer thereof, that the money was deposited at the instance, request, and for said signers, and that said signers were not parties to the suit, and that plaintiff was suing in his own right and not as agent or attorney of and for said signers, we think the judgment of the court below should be reversed, and the cause remanded; and it is so ordered.

Reversed and remanded.