## Moore, Police Judge v. City of Newport, et al.

### Same v. Same.

(Decided February 13, 1923.)

## Appeals from Campbell Circuit Court.

1. Municipal Corporations—Prisoners—Release of.—The mayor of a second class city under the commission form of government, may by proper order release prisoners from the city jail convicted under ordinances of the municipality.

2. Municipal Corporations—Pardons—Power of Mayor to Grant.—The commissioners of the city having all executive, legislative and administrative power, may confer upon the mayor, by proper resolutions, the power to grant pardons and to release persons from the city jail who have been convicted of offenses against the city ordinances.

L. S. SHEPLER for appellant.

BRENT SPENCE and CONRAD MATZ for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming in part and reversing in part.

The above styled cases involve similar questions and will be considered together. The facts are in substance the same, except one of the appellants was convicted under a city ordinance and the other under a state statute. On the 5th of September, 1922, Harry Sutt was charged in the police court with the offense of gaming, under section 1977, Kentucky Statutes, and upon a trial was found guilty and his punishment fixed at a fine of $20.00 and costs. In default of the payment of the fine and costs he was delivered to the jailer. After his incarceration in the city jail Joseph Hermann, mayor of the city of New-

port, issued and caused to be served upon M. McNamara, jailer of the said city, an order or pardon directing the jailer of the city to release the said Henry Sutt from custody, and in pursuance to said order and pardon issued by the said mayor the jailer of the city did release and discharge Sutt that day from custody, and he has not by imprisonment or otherwise satisfied the fine and costs.

In the second case above styled, Juniata Montgomery was duly charged in the police court of Newport with the offense of disorderly conduct, under a municipal ordinance, and being tried was found guilty and her punishment fixed at a fine of $100.00 and thirty days in jail. The trial took place on the 17th of July, 1922, and she was immediately thereafter committed to the custody of the jailer of the city. On the 26th of July following, Joseph Hermann, mayor of the said city of Newport, issued an order or pardon which was later served upon the jailer of the city directing the jailer to release the Juniata Montgomery from custody. Whereupon the said Juniata Montgomery was released from custody and has not satisfied the said fine, imprisonment and costs.

After the said defendants had been discharged by the jailer pursuant to the orders and pardons issued by the mayor, the attorney for the county of Campbell and the solicitor for the city of Newport, by separate motion, on behalf of the Commonwealth of Kentucky and the city of Newport, moved Matt Moore, police judge of the said city, to forthwith issue a *capias pro* fine for each of the said discharged defendants, which said motion the judge of the police court overruled, and declined to issue said capiases. Whereupon these two actions were brought in the name of the Commonwealth and of the city of Newport against appellant Matt Moore, as police judge of the city of Newport, and Sutt and Montgomery, respectively, praying a writ of mandamus directing Matt Moore, police judge and ex officio clerk of the said police court, to issue a *capias pro* fine or execution against the said Jaunita Montgomery and Harry Sutt. The appellant, Matt Moore, police judge, as defendant in the said actions, filed his answer by which he denied the averments of the petition that Joseph Hermann, as mayor of the city of Newport, had no right or authority to order the jailer of Newport to discharge or release the said two prisoners and had no right to pardon the said prisoners

for the offenses of which they had been convicted, and affirmatively averred the said Joseph Hermann, as mayor, had said right to order the jailer to discharge the said prisoners and to pardon the said prisoners and that in pursuance to said right and power the mayor did pardon and release each of them from custody. Further pleading the defendants in ecah of the cases averred that pursuant to subsection 17 of section 3235c, Kentucky Statutes, the board of commissioners of the said city of Newport, Kentucky, which city then was and now is organized under an act known as the commission form of government, same being section 3235c of our statutes, on January 5, 1916, duly passed a resolution by the provisions of which the power to pardon a prisoner confined in the said jail was vested in the mayor of said city, and he was thereby given the exclusive right to pardon any prisoner whenever he deemed said prisoner entitled to such pardon, and that said resolution at all times mentioned in the petition was and still is in full force and effect. It reads:

"WHEREAS, the authority to pardon a prisoner or prisoners confined in the city jail is now vested in the board of commissioners, and it appearing, to better facilitate matters pertaining to such authority, that such power be vested in his honor the mayor;

"Now, THEREFORE, be it resolved by the board of commissioners of the city of Newport, that the power to pardon a prisoner or prisoners confined in the city jail be vested in the mayor of the city of Newport, and he shall have exclusive right to pardon a prisoner or prisoners whenever upon due investigation by himself he deems such prisoner or prisoners are entitled to a pardon."

Under section 3111, Kentucky Statutes, which is a part of the charter of second class cities, the mayor may discharge from confinement any person convicted and sentenced in the police court, but he shall file with the board of aldermen a statement in writing giving his reasons for so doing.

By section 3235c-12, Kentucky Statutes, it is provided that the mayor and four commissioners shall constitute the board of commissioners. In this board of commissioners is vested all legislative, executive and administrative powers of the city, save as otherwise provided. It thus appears that all executive powers of the city are

vested in and may be exercised by the board of commissioners. The power thus conferred by section 3111, Kentucky Statutes, authorizing the mayor to grant pardons and release prisoners is by section 3235c-12, which is a part of the commission form of government, vested in the board of commissioners, if it has been changed at all by the act allowing the establishment of the commission form of government, which is doubtful. We have held in the case of City of Paris v. Hinton, Judge, 132 Ky. 684, that the Governor has no power to pardon persons convicted in police courts of offenses against ordinances of the municipality, but can only pardon offenses against the laws of the state, even though the offense committed be one against both the city ordinance and the state laws.

Although the charter of a city fail to specifically grant to the mayor or other executive officer or board the power to pardon or release persons convicted of violations of the ordinances of the city, the lawmaking body of such municipality may confer such power upon the mayor or other executive officer or officers of the city. The board could, as a body, exercise it, and had the right to delegate that power to one of its members as it did other governmental powers. Naturally such a power should rest in an individual, as the mayor, and not in a board. The board of commissioners had power to pass ordinances determining the functions of each department and prescribing the duties of its commissioner and its employes. Section 3235c-17, Kentucky Statutes. This one governmental function, being executive, naturally passed to the mayor. The commission, therefore, could confer upon the mayor having charge of a department the power to perform the duties of that department, and to grant pardons. Such is the general rule even where there is no charter provision authorizing the mayor to grant pardons or release prisoners. By section 3235c-18 the mayor is made commissioner of the department of public affairs and is given general advisory supervision over the affairs of all the departments. "The pardoning power is not, under our system of government, inherent in any officer of the state, or any department of the state, and the people in framing and adopting their constitution,. may lodge the power in any department they see fit, or in a board of pardons. However, there are many reasons why a power of this kind should be confided to the highest executive officer." 20 R. C. L., p. 543; L. R. A. 1915F 519.

"Sometimes the mayor of a municipality possesses charter powers to remit fines and penalties imposed for a violation of municipal ordinances; but it is not necessary that the legislature act in that regard, and the board of aldermen may pass an ordinance vesting authority to grant pardons and remit fines in the mayor and board of aldermen." 20 R. C. L. — 546; Allen v. McGuire, 100 Miss. 781; Ann. Cases 1914A, 483; 38 L. R. A. (N. S.) 196. The text of 29 Cyc. pp. 1562 and 1563, is to the same effect; Commonwealth of Ky. v. French, 130 Ky. 774; City of Paris v. Hinton, 132 Ky. 684.

Reading the foregoing sections of the statute together and considering the general rule upon the subject, it would appear that the board of commissioners had power to confer upon the mayor, if it desired to do so, any of the functions of the city government, including the power to pardon or release offenders against the laws of the municipality, but not against the Commonwealth. Appellant Juniata Montgomery was convicted under a city ordinance and the mayor had power to pardon her; but as appellant Harry Sutt was convicted under section 1977, Kentucky Statutes, for gaming, the mayor had no power to cause his release and his order to the jailer was void.

The circuit court having reached the conclusion that the mayor had no power to pardon or release prisoners in any case, its judgment must be reversed as to appellant Montgomery for proceedings consistent with this opinion, and affirmed as to appellant Sutt.

Whole court sitting.