**62 P.(2d) 1151**

CITY OF CLOVIS v. HAMILTON.

No. 4216.

Supreme Court of New Mexico.

Nov. 23, 1936.

Frank H. Patton, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for amici curiæ.

James A. Hall, of Clovis, for appellee.

HUDSPETH, Justice.

The sole question involved in this case is whether or not the Governor of this state has power to pardon a person convicted of violating a municipal ordinance. The appellant was found guilty of a violation of a municipal ordinance of the City of Clovis. He appealed from the justice of the peace court to the district court, where he was again convicted, and from that judgment was granted an appeal to this court. He later filed a pardon duly executed by the Governor of New Mexico. The appellee tendered a skeleton transcript and a motion to docket and affirm. We granted the motion in so far as it prayed that the case be docketed, and it is now before us for consideration on the merits. Appellant is not represented here, but the thanks of the court are due Frank H. Patton, Attorney General, and Quincy D. Adams, Assistant

Attorney General, for preparing an exhaustive brief as amici curiae.

The Governor, by virtue of section 6, art. 5, of the Constitution, has the power to pardon, after conviction, for all offenses against the state except treason and in cases of impeachment. This court has taken a position against a narrow construction of this constitutional grant. Ex parte Magee, 31 N.M. 276, 242 P. 332; State v. Magee Publishing Co., 29 N.M. 455, 224 P. 1028, 38 A.L.R. 142. But all the authorities hold that a violation of a city ordinance is not an offense against the state.

"Subject to constitutional and statutory provisions, a pardon extends to every offense known to law. Under a constitutional provision giving the governor power to grant pardons for all offenses, the power extends only to offenses for violation of state laws, and not to those which constitute a violation of city ordinances." 46 C.J. p. 1188. See, also, 46 C.J. p. 1186; 20 R.C.L. p. 534; 3 McQuillin, Municipal Corporations (2d Ed.) § 1192, p. 667; State v. Alexander, 76 N.C. 231, 22 Am.Rep. 675; Allen v. McGuire, 100 Miss. 781, 57 So. 217, 38 L.R.A.(N.S.) 196, Ann.Cas.1914A, 483; Campion v. Gillan, 79 Neb. 364, 112 N.W. 585, 11 L.R.A.(N.S.) 865, 126 Am.St. Rep. 667, 16 Ann.Cas. 319; Jamison v. Flanner, 116 Kan. 624, 228 P. 82, 35 A. L.R. 973; Moore v. City of Newport, 198 Ky. 118, 248 S.W. 837; City of Paris v. Hinton, 132 Ky. 684, 116 S.W. 1197, 19 Ann.Cas. 114; State ex rel. City of Kansas City v. Renick, 157 Mo. 292, 57 S.W. 713; Shoop v. Commonwealth, 3 Pa. 126.

For the reasons stated, the judgment should be affirmed, and the cause remanded to the district court, with directions to enforce its judgment and sentence, and it is so ordered.

SADLER, C. J., and BICKLEY and BRICE, JJ., concur.

ZINN, J., did not participate.